DEAN, OLIPHANT et al. *vs.* T. DE LEZARDI & Co.

A mortgage once executed is notice to all the world of the debts therein speci-
fied, as well as the lien; and a subsequent purchaser would be chargeable with
notice of both the lien and the debt secured.

The date of a note is only part of the description of it, and not necessary to its
validity, and is subject to explanation.

The decree in this case must be reversed, because the sale was not made on a
credit, as the statute requires.

IN error from the circuit court of Holmes county ; Hon. Robert C. Perry, judge.

The defendants in error filed their original bill to foreclose a mortgage. The mortgage is dated the 15th of March, 1838, and it is recited in the mortgage, that *the* note which it was made to secure bears even date therewith; the note filed with the bill bears date the 24th March, 1838 ; mistake in the date of the note is charged in the bill. The bill further charges that

defendant Nye purchased the lots mortgaged, and had recovered possession thereof by action of ejectment, and that defendant Dyer sets up same claim to part of said lots. Dyer answered and set forth his title to eighteen feet on the south side of said lots, and a decree was rendered establishing his title to said eighteen feet off of said lots. Dean answered, admitting the allegation of said bill, and Nye demurred. The demurrer was sustained and the bill amended. In the amended bill a mistake in the date of the note is set up, and its correction prayed. Defendants Nye and Dyer demurred to said amended bill; the demurrer was overruled, and said Nye filed his answer to the original and amended bill, in which he stated that he supposed his co-defendants, Dean and Oliphant, executed a mortgage to secure to N. Berthoud some indebtedness, but does not admit that the mortgage was executed to secure the payment of the notes in the bill mentioned; states that their date is different from the one recited in the mortgage, and requires proof if it is admissible, that said mortgage was executed to secure the payment of said notes; questions the competency of such proof, and to all of that part of the original and amended bill setting forth the mistake, makes his answer a demurrer; does not admit the transfer of the notes by Berthoud to complainant, but on the contrary states that the transfer on the back of the notes is, if a transfer at all, to H. D. Mondivelle, that the legal title of the notes is still in Berthoud, and that he should be a party to the bill; admits that he purchased said property, or a portion thereof, and has since recovered possession thereof; that said mortgage and the registry thereof were only notice to him of the facts therein recited, and that complainant cannot now charge him as a subsequent purchaser with a notice of any fact not disclosed by said mortgage, and denies that complainants have any right to relief against him as a subsequent purchaser by foreclosure of a mortgage given to secure a note of an entirely different date from those filed by complainant, as exhibited. Dyer, in his answer to the amended bill, states that there is a difference in the date of the note filed and the one described in the mortgage; does not know how the mistake, if any, was made, nor does he know whether the note filed is the one intended

to be secured by said mortgage. Dean did not answer the amended bill, and Oliphant answered neither bill; process was not served on Oliphant, but publication was made.

*N. G. & S. E. Nye,* for plaintiffs in error.

*J. M. Dyer,* on the same side.

*Brown & Owen,* for defendants in error.

Mr. Justice FISHER delivered the opinion of the court.

The defendants in error, assignees of a certain note, transferred to them by Nicholas Berthoud, filed their bill on the chancery side of the circuit court of Holmes county, alleging that on the 15th day of March, 1838, Dean and Oliphant executed to Berthoud a certain mortgage on two lots in the town of Lexington, for the purpose of securing the payment of a note bearing even date with the mortgage for $1,958.22. The bill avers a transfer of the note to the complainants. The mortgagors make no defence to the bill, and the controversy is between the complainants and S. E. Nye, who purchased part of the premises at sheriff's sale, under a judgment rendered against Dean and Oliphant, after the mortgage had been recorded. His defence is that he is only chargeable with notice of the note specified in the mortgage, which is dated the 15th of March, 1838, whereas the one offered in evidence is dated the 24th of the same month. The mortgagees explain the mistake in the date by showing that the note was not delivered till the 24th of March, 1838, at which time it was dated.

After the mortgage was recorded, it was notice to all the world of the debt therein specified, as well as the lien, and a subsequent purchaser would be chargeable with notice of both the lien and debt secured. The date was only part of the description of the note, not necessary to its validity, and it might, therefore, be explained, and this is done by the amended bill of complainants. A question might be made, whether any one but the makers of the note could insist on its production at the trial. They have admitted the debt by the mortgage, and this is suf-

ficient to charge third persons with notice of the debt secured. The only reason why the makers could insist on the production of the note, is that it may have been indorsed, and a third person may at a future period present it for payment.

The decree, however, will have to be reversed, as it does not provide that the sale shall be on credit according to the statute.

Decree reversed, and cause remanded.