### CHARLES FELDER et ux. *v.* WILLIAM B. WALL.

W. filed a bill against T., as the representative of S., deceased, to compel him to account in a copartnership business between W. & S.; and the court, by an interlocutory decree, directed an account to be taken of the amount due to W.  *Held,* that this was error, as the interlocutory decree should have ordered an account to be taken between the copartners of the partnership business.

Except in cases where the account ordered to be taken is to be taken on the facts as they appear in the pleading, or there is merely a calculation of interest to be made, the commissioner should give notice to the parties interested, of the time and place of taking the account.

IN error from the southern district chancery court at Natchez; Hon. James M. Smiley, vice-chancellor.

William B. Wall, the defendant in error, filed his bill in the southern district vice-chancery court at Natchez, at the June term, 1849, against the plaintiff in error as administrator of Sibley, deceased.  The bill charges that Sibley and Wall, in the year 1846, were parties by verbal agreement, in a small planting establishment in Amite county.  The terms of said partnership are stated to have been, that each of said partners was to furnish three hands each, the necessary teams, plantation utensils, &c., for making a crop; that the land to be cultivated was to be furnished by Sibley, and Wall was to superintend the concern without charge; that, owing to there not being open land enough to cultivate on the place selected, it was further agreed by Wall and Sibley, that the costs of opening and improving the requisite quantity of land should be borne by Sibley alone; that, it being too late in the season to clear land, it was also agreed, subsequently, that 30 acres of Wall's land contiguous to the place selected, should be cultivated by the partnership, Wall receiving a reasonable rent for the same; that Sibley, not being able to furnish the requisite number of hands, hired a negro man from Wall, agreeing to pay fair hire; that Sibley failed to furnish his part of the sup-

plies and teams, &c., for the place, which was furnished by Wall at his individual costs; that the hire of said slave was worth $100, and the moiety of the food and clothing furnished by Wall for the concern was worth $150, and that the teams furnished for said Sibley, and the provender for the same, was worth $150; that one half the farming utensils furnished by Wall was worth $25; that said Sibley justly owed said Wall $50, for transporting the crop made to market, &c.; that Sibley was justly indebted to Wall $100, for clearing land, &c. The bill alleges the death of Sibley, the appointment of plaintiffs in error, as administrator, and prays that an account may be taken, &c.

At the January term, 1850, of said court, *Felder et ux.* filed their answer to said bill. They admitted, that a partnership was formed by Sibley and Wall in the early part of 1846, but aver that the same was in a few weeks after the formation of said partnership, dissolved. The answer also denies all the other allegations of the bill.

Wall, in support of his bill, took the deposition of a witness, Bartlett W. Wall, which was filed in said cause, at the June term, 1851. At the June term, 1851, of said court, the cause was referred to E. S. Russell, commissioner, to compute and ascertain the amount due of principal and interest by defendants in said case to the complainant Wall, and report to said court. Afterwards, the said commissioner filed his report, showing an indebtedness of defendant to Wall of $780; and at the same term the court made a final decree in the case, confirming the commissioner's report, and adjudging that defendant in said case pay to the complainant the said sum of $780, and interest at six per cent. From this decree, the plaintiffs in error have brought the case to this court by writ of error.

*McKnight*, for appellant,

Cited the 28th rule of the chancery court, which requires, that where a matter is submitted to a commissioner to examine and report thereon, he shall assign a day and place, and give reasonable notice to the parties or their attorneys to attend; and *Poindexter* v. *La Roche*, 7 S. &. M. 699.

*George S. Yerger* for appellee,
In reply, cited 2 Smith, Ch. Prac. 370, &c.; 1 Hill, Ch. R. 186.

Mr. Justice FISHER delivered the opinion of the court.

Wall the complainant, and Sibley the intestate, entered into a copartnership to carry on a small farm for one year.

The bill is filed for an account of the copartnership. The interlocutory decree directs an account to be taken of the amount due to the complainant.

The order was made on the 1st day of July, 1851, and the account appears to have been taken on the same day. The final decree confirming the account, and ordering the defendants to pay the amount thereof, was made on the day following. This, it is insisted, was error.

The interlocutory order should have directed an account to be taken between the parties of the partnership transactions. Except in those cases where the account is taken on the facts as they appear in the pleadings of the parties, or there is merely a calculation of interest to be made, the commissioner taking the account should give notice to the parties interested, of the time and place of taking the same. This does not appear by the record to have been done, and it was therefore error in the court below to confirm the report.

Decree reversed, and cause remanded.