Phillips et al. *v.* McLaughlin.

*George S. Yerger* for appellee,

In reply, cited 2 Smith, Ch. Prac. 370, &c.; 1 Hill, Ch. R. 186.

---

PLEASANT L. PHILLIPS et al. *v.* JOHN MCLAUGHLIN, Adm'r, &c.

M. as administrator, &c., filed a petition in the probate court against P. and P., as heirs and distributees of the intestate, alleging that they had in their possession certain slaves and other property belonging to the estate of decedent, and calling on them to account for the same; a demurrer and answer were severally filed to the petition, both of which the court rejected, and proceeded to render judgment on the petition, without any proof of the facts stated in it, nor did the petition sufficiently show for what purpose it was filed,

. or that there were any other distributees of the estate besides P. and P., or that the estate owed any debts. *Held*, that the proceeding was erroneous.

If there were other parties entitled to distribution of the estate, the application should have been made by them, they being the proper parties to make it.

The probate court cannot compel a mere stranger, not amenable to the court, to deliver over property in his possession to an administrator, which had never come under the control of the court.

ON appeal from the probate court of Clarke county; Hon. Alexander McLendon, probate judge of Clarke county.

The opinion of the court contains the facts of the case.

*Glenn* for appellants,

*Potter* for appellee.

Mr. Justice HANDY delivered the opinion of the court.

This was a petition filed in the probate court of Clarke county by the appellee, as administrator of Robert McLaughlin, against the appellants, as heirs and distributees of the estate of Robert McLaughlin, alleging that the appellants had received and had in their possession certain slaves and other property of the estate, part of which they had disposed of and had not accounted for to the administrator, and praying that the appellants should be compelled to deliver to the administrator the slaves in their possession, for distribution and settlement according to law, and to account for the value of the slaves disposed of. To this petition the appellants demurred as to the relief sought, on the ground of want of jurisdiction of the subject-matter and of the parties, and answered as to other parts of the petition. The court refused to receive the answer and demurrer, and proceeded to take the petition as confessed, and decreed that the appellants should deliver to the administrator the slaves in their hands, and that they were indebted and should account to the administrator for certain sums of money stated in the decree, being the value of certain slaves received by them, as stated in the petition.

Without reference to the extraordinary proceeding in rejecting the answer and demurrer, taking the allegations of the pe-

tition as confessed, and rendering the decree without proof, the facts stated in the petition show no ground of jurisdiction in the probate court. It is not sufficiently shown by the petition for what purpose it was filed. It does not appear that there were any other parties interested in the distribution except the appellants, or that any party was seeking distribution, or that there were any debts against the estate unpaid. Nor is it to be presumed that such a state of facts existed; but it must rather be presumed, that if there were other parties entitled to distribution, the application would have been made by themselves, they being the proper parties to make it.

But the decree that the appellants, who were mere strangers, and not amenable to the court, should deliver over property in their possession to the administrator, which had never come under the control of the court, and account to him for a considerable sum of money, is palpably void, for want of jurisdiction.

The decree is reversed, and the petition dismissed.

The appellee, by his counsel, filed a petition for a reargument in this case, which application the court refused to grant, and refused a reargument.