ANDREW KNOX et ux. *v.* BANK OF UNITED STATES.

The charter of the bank, prohibiting a rate of interest exceeding six per cent., confines such transaction to the State of Pennsylvania; and the bank, having general power to make loans, she can make any contracts in other States not forbidden by the laws thereof.

The ordering of a sale for cash in such a case, without the consent of the parties interested appearing of record, has been held by this court to be erroneous. *Dean* v. *Lezardi,* 24 Miss. 424.

The opinion of the court contains all the material facts of the case upon which the decision was made.

Mr. Justice HANDY delivered the opinion of the court.

1. The contract in this case is not usurious. The prohibition in the charter of the bank against interest exceeding the rate of six per cent., is confined to the State of Pennsylvania. The bank had power to make contracts in other States. *Bank of Augusta* v. *Earle,* 13 Peters, 588. And she had general power, by her charter, to make loans. She is only restricted as to Pennsylvania; and if she makes contracts in other States not forbidden by their laws, they are valid. 14 Peters, 129; 4 Rob. La. R. 517.

2. No notice to the defendant was necessary in taking the account of the mortgage debt. It was a mere matter of computation under the order of the court, and it would not have been competent for the defendant to go into evidence before the commissioner in diminution of the amount due, where no defence was set up on that ground in the pleadings, and where the order of the chancellor did not direct it. We can perceive no necessity for notice in such a case, and it might be productive of prejudicial results now to hold it necessary, when the practice is understood to be well settled not to give it. If there be errors of computation, they would necessarily appear by the face of the report, and the party would have an opportunity of objecting to them on the motion to confirm the report.

3. The decree is erroneous in directing the sale to be made for cash, it not appearing of record that it was by the consent of the parties. The ordering the sale for cash seems to be an extraordinary power conferred upon the court by the statute, and therefore the circumstances justifying it should affirmatively appear. Such a decree as this has, for this reason, been held by this court to be erroneous. 24 Miss. 424.

Knox et ux. *v.* Bank of United States.

For this error the decree is reversed, and a new decree ordered, directing the sale to be made upon a credit of six months, and in other respects conformable to the act of 1838, Hutch. Code, § 4. In this decree, the irregularities, as to the amount of the mortgage debt, can be corrected.

Decree reversed, and case remanded.