ANDREW KNOX et ux. *v.* BANK OF UNITED STATES.

The charter of the United States Bank, prohibiting a rate of interest exceeding six per cent., confines such transaction to the State of Pennsylvania; and the bank, having general power to make loans, she can make any contracts in other States not forbidden by the laws thereof.

The ordering of a sale for cash in such a case, without the consent of the parties interested appearing of record, has been held by this court to be erroneous. *Dean* v. *Lezardi,* 24 Miss. 424.

IN error from the superior court of chancery; Hon. Stephen Cocke, chancellor.

The opinion of the court contains all the material facts of the case upon which the decision was made.

*Potter* for appellants.

Appellees filed a bill of foreclosure against appellants, who set up, in defence,

1st. A garnishment for the debt, but abandoned it as shown by agreement of counsel, p. 25.

2d. Usury in this, that 8 per cent. interest was reserved in the notes, when the charter of the bank prohibited it to reserve more than 6 per cent. Said agreement admits that interest was so reserved, and allows either party to refer to the charter as if in proof. By the charter, the bank was limited to 6 per cent. Pa. Stat. 1837.

The chancellor made a general order referring the cause to compute amount due, dated 28th February, 1850. On the same day the commissioner made and returned his report, without having given any notice to the defendants of the time and place of taking the account. He allowed interest at 8 per cent., and showed amount due, in figures, $42,398.07; and then reported as due $50,398.17. It seems that no motion was made to confirm this report, but it is confirmed in the decree as for $42,398.07. The decree then orders Knox to pay $52,398.07, with 8 per cent. from date of report, and that, in default thereof, the lands be sold. This sum varies from the other two, and exceeds the true amount by $10,000.

6 *

The decree directs a sale for cash, as allowed by the act of 1821. Hutch. 758, § 33. This clause was repealed by the act of 1838. Hutch. 770. The act of 1841, (Hutch. 773,) authorizes sales for cash, if the parties so agree, but no such agreement is shown in this case.

I insist that the decree is plainly erroneous, as it directs a sale for a larger sum than was found due, and because it directs a sale for cash without consent of defendants.

The report was *ex parte* and void, for want of notice to defendants, either of the time and place of taking the account, or settling draft of report as required by the rules of court. In *Mc Gowan* v. *James*, 12 S. & M. 448, this court condemned such a course, even where the bill had been taken for confessed; although the general rule is that a party, in default for want of an answer, cannot appear before the commissioner. But in cases where the defendant has answered, he is entitled to appear, and must be notified. This was ruled in *Hill* v. *Oliver*, decided by this court, and not reported.

A party has the right, upon a decree for an account, to remain quiescent until notified. In this case, no notice was served, no motion made to confirm report, but decree presented and signed *ex parte*. In very many equity cases, the whole litigation arises before the commissioner, and if complainant may proceed *ex parte* on the reference, it is idle to give any notice of the suit. For the same reason that a decree without service or appearance is void, this report is a nullity. Notice is required that a party may answer.

*Geo. S. Yerger* for appellee,

Cited *Earl* v. *Bank of Washington*, 13 Peters; *Frazier* v. *Wilcox*, 4 Rob. La. R.

Mr. Justice HANDY delivered the opinion of the court.

1. The contract in this case is not usurious. The prohibition in the charter of the bank against interest exceeding the rate of six per cent., is confined to the State of Pennsylvania. The bank had power to make contracts in other States. *Bank of Augusta* v. *Earle*, 13 Peters, 588. And she had general power,

by her charter, to make loans. She is only restricted as to Pennsylvania; and if she makes contracts in other States not forbidden by their laws, they are valid. 14 Peters, 129; 4 Rob. La. R. 517.

2. No notice to the defendant was necessary in taking the account of the mortgage debt. It was a mere matter of computation under the order of the court, and it would not have been competent for the defendant to go into evidence before the commissioner in diminution of the amount due, where no defence was set up on that ground in the pleadings, and where the order of the chancellor did not direct it. We can perceive no necessity for notice in such a case, and it might be productive of prejudicial results now to hold it necessary, when the practice is understood to be well settled not to give it. If there be errors of computation, they would necessarily appear by the face of the report, and the party would have an opportunity of objecting to them on the motion to confirm the report.

3. The decree is erroneous in directing the sale to be made for cash, it not appearing of record that it was by the consent of the parties. The ordering the sale for cash seems to be an extraordinary power conferred upon the court by the statute, and therefore the circumstances justifying it should affirmatively appear. Such a decree as this has, for this reason, been held by this court to be erroneous. 24 Miss. 424.

For this error, the decree is reversed, and a new decree ordered, directing the sale to be made upon a credit of six months, and in other respects conformable to the act of 1838, Hutch. Code, § 4. In this decree, the irregularities, as to the amount of the mortgage debt, can be corrected.

Decree reversed, and case remanded.