## S. W. CHAPMAN v. S. EVANS & E. G. GIBBONS, assignee, etc.

1. EQUITY—JURISDICTION—PARTIES.—E. & H. were partners and merchants, and E. & C., were partners in the practice of law at the same place, E. & H. sold to E. & C., goods to the amount of $565,85. H. became a bankrupt, and G. was appointed assignee. *Held:* That, there being no legal remedy to enforce demands existing: between these parties or firms, it is competent for E. & G., assignee, to recover in a court of equity a moity of the amount due from E. & C., to E. & H. Story's Equt'y Jur., §§ 679, 683.

2. PRO CONFESSO—REFERENCE TO MASTER—STATING ACCOUNT—PRACTICE.—Upon bill filed for an account, and with which is filed by complainant a bill of items, which bill was proved in the course of proceedings by a competent witness, and the defendant had notice of the time, and upon *pro confesso* for want of an answer, the matter is referred to a master to state the amount due, etc., who proceeds to do so without any notice to defendant, and reports a certain amount due, whereupon the case goes to hearing on bill, *pro confesso*, proofs and report of master; and a final decree is rendered against defendant; these proceedings are sufficiently regular to support such final decree, and the same will not be reversed in this court. 26 Miss., 655; ib., 597.

Error to the chancery court of Clarke county. LEACHMAN, J.

The facts are fully stated in the opinion of the court.

The plaintiff in error assigned the following errors:

1st. The court erred in overruling the demurrer.

2d. The court erred in rendering the final decree.

3d. The court erred in confirming the report of the master.

*S. A. D. Steele*, for the plaintiff in error.

The demurrer raises the question of equity on the face of the bill; and in considering the general equity of the bill the

second special cause will be considered. We insist that there is no equity on the face of the bill. We do not contend that a court of equity is not the proper forum in which to litigate a cause of action in which one person is a partner of two firms mutually dealing together, but we do contend that this, of itself, is not sufficient to give jurisdiction. The bill must show, on its face, and by its averments, that the complainants have a cause of action in equity against the defendant.

In the absence of any averment of insolvency, the presumption is that there are assets. This bill does not negative this presumption. If the firm has assets, Chapman has a lien upon them, and has a right to have them applied to the payment of the debts of the firm before he is required to submit to a personal judgment against himself. Story on Partnership, §§ 97, 360–1 ; *Ex parte* Raffen, 6 Ves., 119–126 ; 1 Story's Eq. Jur., § 675 ; 2 ib., 1207–1243–1253; Collier on Part., 3d Am. ed., § 125. The bill of particulars being an exhibit to the bill may be referred to in argument of the demurrer either to aid or even to contradict the bill. Harper v. Hill, 35 Miss., 71. One partner can only bind the firm within the ordinary business of the firm. Story on Partnership, §§ 110–112; Collier on Part., 259–282 ; Farrow v. Hutchinson, 9 Ald. & Ellis, 641; 2 Parsons on Contracts, 184; Dickinson v. Valpy, 10 Barn. & Cres., 128; 14 Mees. & W. Exch., 11; 4 Exch., 610; 3 Humph. (Tenn.), 597 ; Goode v. Sinecure, 1 How., 282; Collier on Part., § 483; Mercien v. Mark, 10 Wend., 461; Cooper's Eq. Plead., 118; Story on Partnership, § 102 ; Story's Eq. Plead., § 453.

The court erred in rendering the final decree. The decree is not sustained by the bill. The bill, neither by its averments nor exhibits, discloses any cause of action in equity against Chapman, nor against Evans & Chapman. 10 Barn. & Cres., 128 ; 14 Mees. & W. Exch., 11; 4 Exch., 610 ; 3 Humph. (Tenn.), 597. The items are not in the line of business of Evans & Chapman. To charge him, it must be averred that he consented to the purchase. The complainants cannot be permitted to prove more than they allege.

Cooper's Pleadings, 6; 1 Vern., 483; 11 Ves. jr., 240; Story on Partnership, § 102–112–128; Story's Eq. Jur., § 675; 2 ib., §§ 1207–1243–1253; Collier on Part., § 125; Lawrence v. Dale, 3 Johns. Ch. R., 23; Collier on Part., § 437.

The court erred in confirming the report of the master. The account was taken, stated, reported and confirmed without notice to Chapman, the defendant. It is error to take and state an account without notice to the party to be charged therewith by the decree. 2 Daniels' Chan. Prac., 797, 798; Poindexter v. LaRoech, 7 S. & M., 711; Felder v. Wall, 26 Miss., 597. The rule is that notice must be given except in cases where the report only embraces the computation of interest as in foreclosure of mortgages or arising out of the pleadings, where there is no contest as to the amount. Knox et ux. v. Bank of U. S., 26 Miss., 656.

*Johnston & Johnston*, for the defendants in error.

There was no legal remedy against Chapman for Evans, and none for Gibbons as assignee of Henry, for he had only such rights as Henry possessed. Where one member of a firm is also a member of another, no suit at law is maintainable in regard to any transactions or debts between the two firms. 1 Story's Eq. Jur., § 679, 680.

The absence of a remedy at law is a sufficient answer to the second cause of demurrer, and shows the jurisdiction of a court of equity. It was the duty of Gibbons, as assignee, to collect the debts due the estate of the bankrupt. It was perfectly evident that Chapman, as a member of the late firm of Evans & Chapman, owed the late firm of Evans & Henry the amount decreed. Evans' interest in the claim as a member of the firm of Evans & Henry, was an off-set against his liability as a member of the firm of Evans & Chapman.

The third cause of demurrer is that it is not alleged in the bill that Evans, as partner of Chapman, had no funds of Evans & Chapman, sufficient to satisfy the account against Evans & Henry. Such allegation was by no means neces-

sary on the part of complainant. If there were such funds: in the hands of Evans belonging to the firm of Evans & Chapman, that would have been a fact very proper to set up in the answer.

The third assignment of error is that the court below erred in confirming the report of the master. We have examined the record with some care, and have failed to discover any irregularity in that confirmation.

TARBELL, J. :

In 1861–2, S. Evans and W. P. Henry were partners, and merchants, doing business at Quitman, Clarke county. During the same period, S. Evans and S. W. Chapman, were partners in the practice of law, at the same place ; the S. Evans of the two firms being one and the same person. The firm of Evans & Henry, sold to the firm of Evans & Chapman, goods to the amount of $565 85, which sum is still due and unpaid.

Subsequent to the above transaction, the respective firms were dissolved, and Henry became a bankrupt, E. G. Gibbons being appointed his assignee. In 1869, S. Evans and Gibbons as assignee of Henry, filed a bill in the chancery court of Clarke county against Chapman, to recover a moity of the debt due from Evans & Chapman to Evans & Henry, setting forth the above facts, and filing therewith, a " bill of particulars " of the account.

The defendant demurred to the complaint, stating the following causes of demurrer :

1. That the complainant, Evans, should have been made a party defendant.

2. That the facts set forth in the bill are not such as require the interposition of a court of equity.

3. That the bill does not show that S. Evans has not funds of Evans & Chapman in his hands sufficient to pay this demand.

The court overruled the demurrer, and gave the defendant thirty days to answer, failing to do which within the time allow-

ed, a decree *pro confesso* was taken against him. The testimony of a witness for complainant was taken to prove the account of which defendant had notice, but he neglected to avail himself of the opportunity to join in the examination. At the August term, 1869, of the court, the cause was referred to the clerk of the court, as master, to state the account between the parties. The clerk, as master, etc., proceeded to state the account without notice to the defendant, and reported due the complainants $402 22, moity of account due from Evans & Chapman to Evans & Henry, which report was confirmed by the court, also without notice to defendants. At the same term a final decree was rendered, reciting that the cause coming on to be heard on the bill, decree *pro confesso*, proofs and report of master, and his honor, the chancellor, being satisfied that the allegations of the bill had been fully established by the proofs, etc., it was ordered and decreed that the defendant pay to the complainants the sum of $402 22 and all costs, etc.

Thereupon the defendant brought the cause to this court, and assigns for error:

1. That the court erred in overruling the demurrer.

2. That the court erred in confirming the report of the master.

3. That the court erred in rendering the final decree.

The first and second causes of demurrer are not well taken. Evans, complainant, as one of the firm of Evans & Henry, could not be party defendant as one of the firm of Evans & Chapman.

The case at bar falls within §§ 679, 680, Story on Equity Jur. This author in § 679 says, " another illustration of the beneficial result of equity jurisdiction, in cases of part. nership, may be found in the not uncommon case of two firms dealing with each[other, when some, or all of the partners in one firm are partners with other persons in the other firm. Upon the technical principles of the common law, in such cases, no suit can be maintained at law in regard to any transactions or debts between the two firms; for in such suit

all the partners must join or be joined; and no person can maintain a suit against himself, or against himself and others. The objection is at law, a complete bar to the action," etc.

In § 680, he further says, " but there is no difficulty proceeding in courts of equity to a final adjustment of all the concerns of both firms in regard to each other; for in equity, it is sufficient that all parties in interest are before the court as plaintiffs or as defendants; and they need not, as at law, in such case, be on opposite sides of the record," etc., etc. Neither, in our opinion, is the third cause of demurrer tenable. The point ought to have been put in issue by the answer, as it was a very proper subject of investigation and proof.

Funds or assets of Evans & Chapman, in the hands of Evans, would reduce the amount due from the former by the amount proved in the hands of the latter. The point, however, if relied on by defendant, ought to have been put in issue by him. It was not incumbent upon the plaintiff to make out defendant's case. He had 90 days in which to answer, but neglected to do so.

We recognize many of the points made by the counsel for plaintiff in error as correct legal propositions, the consideration of which, however, we do not think necessary to the adjudication of this case. Under the circumstances presented by the record these points of the counsel are sufficiently answered by the general allegation in the bill, of a sale of the goods and of an indebtedness for the same until put in issue by the answer and litigated by the proofs.

The foregoing views dispose of the first alleged cause of error.

The second and third causes of error present the proposition that the defendant was entitled to notice of the time and place of " stating the account" by the clerk acting as master by order of the court. The bill with the items of the account amended, as an exhibit, had been taken as confessed against the defendant. The effect is not unlike that of a judgment by default at law under art. 253, sec. 18, p. 521, Rev. Code.

This article provides that, "In action    *    *    *
on open account, when a copy of the account is filed
with the declaration, or judgment be rendeaed on demur-
rer by confession, or default for want of appearance or
plea, the clerk shall calculate the amount due, *   *   * and
such judgment shall be final," etc.    See "Chancery court,"
Rev. Code, as to judgments *pro confesso*.    The duties of the
clerk in the one case, and of the master in the other, are
very similar.    Notice to defendant, of the time and place
of "computing" amount due, is no more necessary in one
case, than of "calculating" amount due in the other.

The account having been established by proof, the action
of the clerk or master, was confined to footing the several
items, calculating the interest, and dividing the aggregate
equally between Evans & Chapman, reporting the moity to
the court, as the amount due from defendant to complainants,
and was not extended to the taking of proofs.    In short, his
duty was one of computation only.

The defendant is presumed and bound to know the times
of holding the terms of the chancery court of Clarke county.
He knew when this cause would come up for final hearing,
and could know when the reference was made to a master
to state the account.    So he could have known by ordinary
diligence, when the master was to state the account, and
when his report would come in.    With the slightest effort, or
attention, he might, at the proper time, have filed objections
to the report, and contested its accuracy before the court.
Even after confirmation and final decree, for sufficient rea-
sons, the court would have re-committed the report to the
master for re-examination.    No such diligence or effort
appears, nor is any complaint made of errors, or mistakes in
the account.    Under such circumstances, the presumptions
are strongly against the merits of this application for our in-
terposition.

The case of Poindexter v. LaRoech, 7 S. & M., 699, to
which we are referred by plaintiff in error, was determined
in 1846, under somewhat different rules from the present,

but the facts were unlike those presented to us. In that case the master was to take proofs, as well as to state an account, and both parties—complainant and defendant—were diligent in claiming to be heard at the proper time, and especially before the master, selected by consent of both parties, with the express understanding that both would appear, and both insisted upon appearing before him.

Knox et ux. v. Bank of the U. S., 26 Miss., 655, to which we are also referred by counsel, sustains our view of the above and the case at bar. In that case the court said : " No notice to the defendant was necessary in taking the account of a mortgage debt. It was a mere matter of computation under the order of the court, and it would not have been competent for the defendant to go into evidence before the commissioner in diminution of the amount due, where no defense was set up on that ground in the pleadings, and where the order of the chancellor did not direct it. We can perceive no necessity for notice in such a case, and it might be productive of prejudicial results now to hold it necessary, when the practice is understood to be well settled not to give it. If there be errors of computation, they would necessarily appear by the face of the report, and the party would have an opportunity of objecting to them on the motion to confirm the report." Felder v. Wall, 26 Miss., 597, sustains the same view.

In the case at the bar, there is no complaint of ignorance, deception, or surprise as to the time and place of stating the account, nor of the motion to confirm the report. It does not appear that the defendant made any effort to ascertain either, or that he desired to, nor did he make any application to the court for a re-hearing on any of these grounds, or on the allegation of mistakes. In short, the record impresses us with the belief that the defendant had no defense on the merits, and that he acted upon that theory.

The counsel for plaintiff in error lays considerable emphasis upon the suggestion that the account being the subject matter of the contest, he had a right to contest it

to the end, and hence had a right to insist that it was error not to give him notice of the stating of the account by the master, and refers to 26 Miss., 597, and ib. 655.

To this we remark, that the defendant, now plaintiff in error, was afforded every opportunity to defend the action, and to protect himself against wrong: First, to answer and " contest " on the merits; next, to " contest " the proof of the items of the claim, by the examination of the witness, of which he had notice, then to take exceptions or objections to the report of the master; and lastly, by petition to the chancellor, even after confirmation and final decree. But he neglected all of these opportunities, which he might have improved, and now appeals to this court upon mere technicalities, in which we see neither injustice nor error.

The " contest " urged by counsel for plaintiff in error as existing in relation to the account, as the " subject " of " contest " in the case, and which entitled him to notice of stating the account within the rule in 26 Miss., 597, 655, had been closed prior to that point in the case; so that, upon " stating the account," there was no " contest " within the cases cited, but only computation and calculation.

The decree of the court is affirmed.