### GAINES & STEGALL VS. CONEY & RICE.

1. CHANCERY PRACTICE: *Account taken by master.   Notice to interested parties.*
   Where the master is directed to make inquiry into a subject matter, and report as he may find the facts to be, the parties interested in the in. quiry should have notice.   But where the evidence already taken has established the facts, and the duty of the master is merely to make calculations, and state the result in figures, the reason and necessity of the notice does not exist.

2. SAME: *Partnership assets.*
   An individual partner has no other interest or share in partnership property except the surplus, after payment of the partnership debts and liabilities.   Each member of a firm has a right to have the firm assets applied to the joint debts before an individual partner, or his personal representatives, assigns or creditors can have a separate claim thereto.

3. SAME: *Rights of partners.*
   In winding up a partnership, to determine the rights of each partner, and what one should pay the other, it is necessary that an account should be taken of the liabilities, and the funds should be first applied to their satisfaction, and what remains constitutes the fund to be apportioned between the several partners.

APPEAL from the Chancery Court of *Monroe* County.

Hon. O. H. WHITFIELD, Chancellor.

This case was before the court, and finally decided on its merits and reported in 49 Miss., 762, which contains a full statement of the facts and law of the case, and affirming the decree of the court below, to which reference is here made.

The following are the assignments of error, to-wit:

1. The chancery court erred in overruling the exceptions to the report of R. B. Little, clerk and master.

2. The chancery court erred in the final decree rendered against appellants.

3. The chancery court erred in excluding the testimony offered by appellants; said testimony tended to show that there were debts due from the firm, and that complainants had not paid any portion of said indebtedness, and that provision should have been made in the final decree for the payment of said debt before rendering a decree in favor of appellees.

4. The court erred after the bankruptcy of appellees in rendering any decree in their favor or in favor of their assignee, until after a final settlement of the partnership accounts by collections of assets and payment of debts and the ascertainment of the balance due each of the partners.

5. The court erred in ordering a final decree against appellants without making some disposition of the cause as to their codefendant Dansley.

Assignments of error by Gaines alone:

6. That the court erred in ordering an interlocutory decree, directing an account to be stated between Gaines and Rice & Coney until after the amount of partnership liabilities had been ascertained liquidated.

7. The court erred in the interlocutory decree ordered at the April term, 1871, of the chancery court.

*Houston & Reynolds*, for appellants:

The general rule is, that notice should be given of the taking of an account. The exception is where the fact has been ascer-

tained and a mere calculation of interest is to be made. Felder v. Wall, 26 Miss., 595 ; Cobb v. Duke, 36 id., 60 ; Poindexter v. La Roche, 7 S. & M., 699 ; Sanders v. Dowell, id., 206 ; Williams v. Duncan, 44 Miss., 375. No final decree can be rendered in a suit between partners for settlement, while debts due by the firm are unadjusted, unless complainants will deduct the amount of such debt from the sum they ask to recover. 2 Daniel Ch. Pr. & Pl., 1247–49 ; Tyng v. Thayer, 8 Allen, 391, 397. Partnership assets are subject to division only after payment of partnership liabilities. Chambers v. Crook, 42 Ala., 171 ; Collins v. Owens, 34 id., 66 ; Donelson v. Posey, 13 id., 752. A party coming into the rights of a partner, takes only the interest of the partner, and nothing more ; and that interest cannot be delivered or made available until enough is set apart to pay the partnership debts. Taylor v. Fields, 4 Ves. Jr., 396 ; Banks v. Carrollton R. R. Co., 11 Wall., 628 ; Donelson v. Posey, 13 Ala., 752.

*Sale & Doud*, for appellees :

In a mere matter of computation under the order of the court, it is not competent for the defendant to go into evidence before the commissioner in diminution of the amount, where no such defense was set up in the pleadings. Knox v. Bank, 26 Miss., 655. In Williams v. Duncan, 44 id., 383, the defendant made an affidavit that he had a right to credits. This whole doctrine was reviewed in Chapman v. Evans, 44 Miss., 116–121, and again in Freeman v. Stewart, 41 id., 139. A creditor of either partner may sue to insolvency and be subrogated to the rights of his debtor. The creditors have no lien. In case of bankruptcy, they have a *quasi* deviation lien through the equity of the partner. Story on Part., §§ 360, 361. In the case of Chapman v. Evans, the precise question at issue was raised and settled for complainant. It was there insisted that Chapman could not be compelled to pay the moiety of a debt to a partner until all the partnership debts were paid. 44 Miss., 116. This was fully discussed in the briefs of counsel on the former trial. 49 Miss., 762. We insist that the real and main object of the appeal is to get a reärgument of

the former trial, which should have been done in four days after the opinion of the court was delivered.

SIMRALL, J., delivered the opinion of the court.

This case was in this court at the April term, 1874, on the appeal of Stegall from the interlocutory decree, which declared his liability for part of the assets of Coney, Rice & Gaines, on the ground of his fraudulent combination with Gaines and intermeddling with the assets. It is reported in 49 Miss., 761.

Upon return of the cause to the chancery court, an account was taken by the master in accordance with instructions. On the coming in of the report, Gaines & Stegall filed exceptions, which were overruled, and thereupon a final decree was entered, from which both of these parties have appealed separately.

It is complained in this court that the appellant had no notice of the time and place of settling and stating the account; and, secondly, that the decree was radically wrong, in directing that the respective amounts found due from Gaines & Stegall were ordered to be paid to Coney & Rice.

If the master is directed to make inquiry into a subject matter, and report as he may find the facts to be, the parties interested in the inquiry should have notice. But where the evidence already taken has established the facts, and the duty of the master is merely to make calculations and state the result in figures, the reason and necessity of the notice does not exist. No further testimony is taken by him to aid in the result. The data upon which he acts appear in the evidence, in taking which, both parties have had opportunity to cross-examine, and the means exist to show (if the fact be so) that the report is incorrect.

The instructions to the master were so definite and specific as to the elements to be considered by him, in stating the account, that all judgment and discretion were taken from the master, and he had nothing but a ministerial duty to perform. This is not of the character of cases requiring notice to the parties, under the practice in this state. Chapman *v.* Evans & Gibbons, 44 Miss.,

118 ; Poindexter *v.* La Roche, 7 S. & M., 699 ; Felder *v.* Wall, 26 Miss., 597. The only injury that could have ensued to the respondent Gaines was, that he did not have the opportunity to present an account of expenses and outlays. But it was not shown or claimed at the hearing of the exceptions that any outlays of that sort, for which allowances could be made, had been incurred, nor was any claim of that character made in the answer or proved in the evidence. By the terms of the partnership, Gaines was at his own expense to furnish the store and clerks needed. .

The objection taken to the decree involves a consideration of the scope of the bill, and the principles upon which it is founded. By recurring to the statement of the case as reported in 49 Miss., it will be seen that Coney, Gaines & Rice were the members of this mercantile partnership. The management of the business was committed to Gaines, as the active partner, Coney and Rice being nonresidents of the state. A stock of goods, of between $10,000 and $11,000 in value, was put in the store at Smithville. When Coney and Rice came to look into the condition of the business, they discovered that all the goods, except about $4,000 worth, had been disposed of, and none of the debts of the firm paid, and less than $100 of cash on hand.

In this condition of affairs they brought this suit against Gaines & Stegall, to hold Gaines responsible for the goods that had been wasted and misapplied, and to charge Stegall, who had aided in the wrong, to the extent of the assets which had been actually realized by him. The reference to the master was upon the documents and evidence, to make a report of what was due from these parties.

The object of the bill was to settle the partnership so that each party should account with the other, and derive from the joint assets what was his interest therein ; and it might be necessary to a proper adjustment, that one should contribute to the other out of his individual means.

It is well settled that an individual partner has no other interest or share in partnership property, except the surplus, after full pay-

ment of the partnership debts and liabilities.   Each member has a right to have the firm assets applied to the joint debts, before an individual partner, or his personal representative, or his assignee, or his personal creditor can have a separate claim thereto.   Irby v. Graham, 46 Miss., 427–430; Story on Part., §§ 311, 312; Bank v. Carrollton R. R., 11 Wall., 628; Williams v. Gage, 49 Miss., 780.

A sale under legal process, a voluntary assignment, or under bankruptcy proceedings, of the interest of a partner passes no more than what may remain after the partnership creditors have been paid off.   Plainly, therefore, in winding up the affairs of a mercantile partnership as between the partners, so as to determine and adjudicate their respective rights, it is necessary to settle what may be the share of each, and what one should pay to another, that an account should be taken of the firm liabilities, and the funds should first be applied to their satisfaction. What remains after creditors have been satisfied, constitutes the fund to be apportioned between the several partners.   Rice, by his purchase of his own interest and of his copartner, Coney, at the sale of the assignee in bankruptcy, became the owner of two out of the three interests of the copartners.   But he can claim no more than two-thirds of what shall remain after satisfying the just creditors.   The bill alleges that Gaines had disposed of a large part of the stock of goods without paying any of the debts.   If the decree should stand, he is held liable to the complainants for the value of the goods thus disposed of, and would remain responsible also to the joint creditors; clearly the creditors have a prior and better right.   The chancellor ought to have framed his decree so as to have required Gaines and Stegall to have paid into court what was found to be due from each respectively.   He should have referred it to the master to take proof of the debts owing by the firm upon proper notice to the creditors to present their claims, and upon collection of the money by process from Gaines and Stegall, he should have applied so much as was needed to pay off the joint liabilities, and then have distributed the remainder, if any, to the complainants.

The decree is reversed, and cause remanded for a final decree to be rendered in accordance with this opinion.

It may be remarked that the case is in condition for a decree against Gaines and Stegall for the amount found due from them, that money may be collected to be subject to future disposition, upon the coming in of a report of the master of what may be due the joint creditors.