## A. H. TAYLOR *v.* MARY S. WRIGHT ET AL.

1. CHANCERY PRACTICE. *Remanding to rules, in violation of mandate, after second reversal.*

   On complainants' appeal, a decree was reversed, because the respondent failed to make out the defence set up in his answer, by want of competent evidence of a judgment and execution under which he claimed. On a second appeal, the record presenting the same defect, the case was again reversed and remanded, with instructions to the Chancery Court to take an account of rents and improvements. After the case was set down for final hearing on the mandate filed in the Chancery Court, the respondent moved to remand it to rules to take testimony, on the ground that the judgment and execution were in proof before the Chancellor on the second trial; but thereafter, before the transcript was made out for the appeal, the respondent's solicitor, falling out with him, abstracted the proof from the files, and took it out of the State, so that it was not in the transcript on the second appeal. *Held*, that the court had power to grant the application, that the showing was sufficient therefor, and that its refusal was such error as to cause the reversal of a decree for the complainants.

2. SAME. *Account by commissioner. Notice.*

   Where the facts necessary to taking the account do not appear in the pleadings, and more than a mere computation is required of the master, it is error to have in one day reference to the master, his report without notice based on *ex parte* depositions, confirmation thereof and final decree.

APPEAL from the Chancery Court of Chickasaw County.

Hon. L. HAUGHTON, Chancellor.

*Houston & Reynolds*, for the appellant.

1. The first error assigned is, that the court erred in refusing Taylor's application to remand the cause to rules. A Chancery Court should remand a cause to rules when it is necessary to ascertain the true merits of the controversy. A cause may be remanded in some cases after a final decree. *Beard* v. *Green*, 51 Miss. 856. No case can be presented appealing more strongly to the discretion of a court than the present one. The testimony had been taken, filed and read. It established Taylor's title to the land in controversy. This testimony, without Taylor's fault, was taken from the files and carried to a distant State. At the first court an applica-

tion was made to retake the testimony, which was refused. Even if the decision of the Supreme Court were conclusive and final, still the Chancellor, when the facts as presented in Taylor's motion and affidavit were made known, should have remanded the cause. Such a course was "necessary to the ascertainment of the true merits of the controversy."

2. The second error assigned is, that there was no notice of the time and place of taking the account as to the value of the rent of the land. The cause was referred to the master to take and state the account on May 23, 1877. His report was made on the 23d of May, and was confirmed on the same day. There was no notice when the account would be taken, and no time given to file exceptions to it. Such despatch and haste were erroneous. *Gaines* v. *Coney*, 51 Miss. 323 ; *Felder* v. *Wall*, 26 Miss. 595.

*Martin & Bates*, for the appellees.

1. The decision of the Supreme Court, in a cause once before it, is final on all the points of law adjudicated, and the court will not readjudge these matters when the cause is brought before it again. *McDonald* v. *Green*, 9 S. & M. 138. The points so settled constitute the law of the case in all subsequent proceedings in the court below, and in the Supreme Court, when brought before it a second or a third time ; and the judgment on the second or the third writ of error or appeal must be the same, unless a different one is authorized by new facts developed. 13 S. & M. 445 ; *Bridgeforth* v. *Gray*, 39 Miss. 136 ; *Stewart* v. *Stebbins*, 30 Miss. 66 ; *Smith* v. *Elder*, 14 S. & M. 100. The proceedings had at the third hearing in the court below constitute the only matters now open for revision in this court. No appeal lies from the former rulings of the Appellate Court, which are already final judgments of the court of last resort, and cannot now be modified or set aside. The only questions before the Supreme Court on this appeal being alleged errors committed by the court below on the third hearing, and that court having rendered no order or decree prejudicial to the appellant Taylor, he has no right to assign errors in this cause.

2. The motion of the defendant Taylor, on the third trial in the court below, to remand the cause to rules after it had been

set down for hearing, on the testimony offered by him in its support was properly overruled. Taylor's right to further litigate as against the complainants in that court had been lost. The cause had been referred to a commissioner to state and report an account of rents of the land and the improvements. The commissioner having made his report, and the cause being then on hearing upon the issues embraced therein, Taylor's motion and testimony were irrelevant to the pending issues.

3. The affidavits on which the motion was founded were but hearsay statements, and wholly incompetent as testimony to be heard on the issues then before the court. Taylor's day in court had been fully awarded to him by the court of last resort. If by his own misconduct, or that of his solicitor, in the prosecution of his case, or from other causes, he failed in proving his affirmative defence, and lost the suit, his remedy, if any, is against his agent and attorney, and not against the complainants in this case. Even if what is stated in this hearsay testimony were established by competent evidence, it would constitute no just or legal reason why Taylor's day in court should be renewed or extended. It is now too late for him to suggest a diminution of the record.

SIMRALL, C. J., delivered the opinion of the court.

This case is now on appeal in this court for the third time. The principles on which the rights of the litigants depend are well settled, and were stated in the judgment pronounced on the first appeal. Taylor, the present appellant, obviated the title asserted by the complainants in their bill by the averment in his answer that he purchased the land under a judgment recovered by him against one Dulany, the grandfather of Mrs. Meredith, the mother of the complainants, and her grantor by voluntary deed. This court was of opinion that the conveyance was voluntary, or presumptively so, as against Taylor, whose debt was in existence at the date of that conveyance, but reversed and remanded the cause, because Taylor did not prove, by competent evidence, the existence of the judgment and execution under which he claimed to have bought the land. It was directed by this court that the cause should be remanded to rules, and reasonable time allowed for

taking testimony. The cause was heard finally a second time, with a like result unfavorable to the complainants. A second appeal was taken, and a second reversal of the decree had, for precisely the same reason; viz., that the defendant had not maintained his defence, either by the production of the judgment and execution, or by proof of their destruction, so as to let in parol evidence. The mandate of this court was dated Feb. 23, 1877, and was filed in the Chancery Court on the 10th of March thereafter. At the next ensuing May Term, on the 17th day of the month, the complainants set down the cause for final hearing, on the mandate of the Supreme Court. In that posture of the case, five days afterwards, on the 22d of the month, Taylor, the defendant, made a motion, predicated on affidavits in its support, to remand the cause to rules, to enable him to take testimony to prove his defence. The motion was overruled, — upon what ground, is not stated. It must have been for one of two reasons: either that the court had no power to grant the application, or that the matter of the affidavit was insufficient. We must assume, in considering the merits of the application, that the facts stated are true, as they were not controverted; and the decision of the Chancellor was made on the face of the papers. The substance of the affidavit is, that, after the first reversal of the decree, the defendant made proof of the destruction of the records of the courts of Chickasaw County by conflagration of the county offices during the late war, and that such testimony was taken before the second final hearing, and was actually before the Chancellor, and considered by him, on that hearing; but that, owing to a disagreement between Taylor and his solicitor, the latter, assuming a right so to do, withdrew the evidence from the files, and took it with him to California; that such withdrawal occurred after the decision of the Chancery Court, and before the transcript on the second appeal was made out by the clerk; and that, therefore, the evidence did not appear in the transcript, and was not before the Supreme Court on that appeal. This disclosure accounts for the second decree, dismissing the complainants' bill, which is otherwise inexplicable. For, in the transcript before us, on the second appeal, there was no evidence of the judgment and execution under which Taylor

claimed to have bought, other than that before us on the first, which we had declared insufficient. It had been settled that Taylor was a creditor of Dulany at the date of his voluntary conveyance to Mrs. Meredith. The only defect in Taylor's title was that he had not proved the judgment and execution against Dulany, under which he purchased. The affidavit shows that such proof was in the papers, and considered by the Chancellor on the second hearing; and it is fair to presume that it met the requirements which this court had indicated; otherwise, the bill would not have been dismissed.

The merits of the appellant's application are ample, and should have entitled him to an opportunity to reproduce the evidence, unless the Chancellor was precluded by the instructions of this court to the Chancery Court, for an account as to permanent and valuable improvements and rents. The Chancellor doubtless supposed that he must literally conform to the judgment of this court, and could entertain no other question than the account directed to be taken. Was it competent for the Chancery Court, in the peculiar circumstances, to have permitted the appellant to have restored to the files and the record those parts of it which had been abstracted by the solicitor? for that, in effect, was the motion. To do that, of course, necessitated a re-examination of witnesses. It must be assumed that the judgment of this court, in all particulars, is predicated of the case as presented in the record before us, and that directions to the inferior tribunal as to its action are founded alone on the case thus presented. Our judgment meant no more than that, as the record *was*, the account should be taken. But we did not thereby deny the right and power of the Chancery Court to consider new matter which might be properly brought into the cause, though thereby its complexion might be entirely changed. The authority of the Chancery Court in the premises is vindicated in principle by the cases of *Wailes* v. *Johnson*, 25 Miss. 421, *Hanserd* v. *Gray*, 46 Miss. 75, and the opinion of this court on the first appeal in this case. These cases establish the doctrine that, after a case has been remanded by the Appellate Court, the Chancellor has power to allow amendments. In the second case cited, the answer was

amended in such particulars as changed very much the grounds of defence. On the first appeal in this case we reversed the decree for lack of competent evidence to prove the answer, but directed the Chancellor to remand the cause to rules, that competent testimony might be taken. It is necessary to the ends of justice that disputes referred to the courts for settlement should, so far as practicable, be presented and adjudicated on their merits. The statute of amendments enjoins that practice. The papers filed in support of the motion to supply the evidence which had disappeared from the files disclose a complete defence to the relief sought by the complainants. The appellant proposed not to delay the hearing longer than ten days, if his adversaries would co-operate with him in the speedy restoration of the evidence. On the facts alleged, the legal title to the lands in question is in the defendant. It would be a harsh administration of the practice of the court, resulting in absolute injustice, to refuse the appellant's motion to reproduce the evidence.

On May 23, 1877, the reference was made to the master. On the 23d he made his report, predicated on data furnished by depositions taken anterior to the reference *ex parte*, without notice to the defendant, so far as we can discover. The master did not give notice to the defendant of the time and place of settling the account: if that had been done, he could have successfully objected to the depositions, and might have produced evidence beneficial to himself. The report and final decree were made on the 23d of the same month. These several steps were taken in rapid succession, in disregard of the rights of the defendant, and, the account being taken without notice, were erroneous. *Felder* v. *Wall*, 26 Miss. 595; *Knox* v. *Bank of United States*, 26 Miss. 655. In this case the facts necessary to the taking the account did not appear in the pleadings, and more was required of the master than to make a mere computation: he had to obtain information on which to base his calculation.

*Decree reversed and cause remanded.*