JAMES HARDIE ET AL. v. J. B. CHRISMAN ET AL.

1. TAX-SALE. *Sale in 1867. Statute fixing time therefor.*
   The act approved December 1, 1863 (Acts 1863, p. 111), fixing the first Monday in July for the sale of lands delinquent for taxes, was in operation in 1867, and governed the sales for taxes made in that year.

2. TAX-DEED. *Evidence of what. Act 1860, construed.*
   The act approved February 10, 1860 (Acts 1859-60, p. 213), provided: " That all sales of lands hereafter made for the non-payment of taxes due under any law of this State, shall be valid to all intents and purposes — said lands subject to redemptiom as provided by law, and that no such sale shall be impeached or questioned in any manner or for any cause, saving fraud or mistake in the assessment or sale of the same, or upon the proof that the tax for which the same were sold had been paid prior to such sale." This pro-

vision not only made the tax-collector's deed for land sold for taxes evidence of the sale, but also made it *prima facie* evidence of a good title. *Greene* v. *Williams*, 58 Miss. 752, cited.

3. SAME. *Clerical error cured by admission.*

A tax-collector's deed executed July 1, 1867, recited that the lands therein mentioned had that day been sold for the unpaid taxes of 1867. It was admitted by the party attacking the deed that the land was in fact sold for the unpaid taxes of 1866, and that the recital in the deed was a clerical error. *Held,* that the admitted fact that the sale was made for the taxes of 1866 freed the deed from all objection because of the clerical error whereby it was made to show that the sale was for the taxes of 1867.

4. SAME. *Made in 1867. Effect as evidence under sect. 1649, Code 1880.*

Where land was sold for the taxes of 1866 under the act approved February 10, 1860 (Acts 1859–60, p. 213), which made the tax-collector's deed *prima facie* evidence of the validity of the assessment and sale of the land, the effect of such deed as evidence is to be determined by the law in force when it was made, as provided in sect. 1649 of the Code of 1880, in these words: "In all cases where land was sold for taxes under a law which made the collector's deed or conveyance or list of lands sold, *prima facie* evidence of the validity of the assessment and sale of the lands, such deed or conveyance or list shall still be such evidence notwithstanding the repeal of such law."

APPEAL from the Circuit Court of Lawrence County.

Hon. S. S. CALHOON, Judge, specially presiding, by exchange with Hon. J. B. CHRISMAN.

This is a suit in ejectment brought by James Hardie and Isabella Brigins against J. B. Chrisman and Charles Chrisman, to recover the possession of 160 acres of land. The plaintiffs introduced in evidence a patent issued by the United States to themselves in 1859, and rested. The defendants, who were in possession of the land, introduced a tax-deed from O. A. Cox, tax-collector for Lawrence County, under which they claimed title. This deed was executed and dated July 1, 1867, and recited that the lands therein named were sold on that day to defendants for the unpaid taxes for the year 1867. It was admitted by the plaintiffs that the recital in the deed that the land was sold for the unpaid taxes of 1867 was a clerical error, and that in fact the lands were sold for the taxes of 1866. Sect. 7 of the act of February 10, 1860 (Acts 1859–60, p. 213), provided: "That all sales of lands hereafter made for the non-payment of taxes due under any law of this State

shall be valid to all intents and purposes, — said lands subject
to redemption as provided by law, — and that no such sale shall
be impeached or questioned in any manner, or for any cause,
saving fraud or mistake in the assessment or sale of the same,
or upon the proof that the tax for which the same were sold had
been paid prior to such sale." The land was sold on Monday,
the 1st day of July, 1867. The case was submitted to the
judge below, a jury being waived, who rendered judgment in
favor of defendants, and from the judgment plaintiffs appealed
to this court.

*Sessions & Cassedy*, for the appellants.

The act of 1863, p. 111, cited as authority for the sale on
July 7, 1867, was not the law fixing the time of sale, but chap.
3, sect. 9 of the Code of 1857, and according to it the sale
should have been made on the first Monday of May, 1868, for
the taxes of 1867, or if for the taxes of 1866, on the first Mon-
day of May, 1867, and not in July, in any event. It will be
observed that the act of 1863 was one of a series of acts passed
during the Confederate period, all of which had for their object
the raising of revenue by enforced collection for the support
of the State government as one of the members of the Southern
Confederacy ; and all such legislation was in aid of "the
rebellion," as it was termed, and expired with the confed-
eracy. *Thomas* v. *Taylor*, 42 Miss. 651 ; *Baily* v. *Fitz-Ger-
ald*, 56 Miss. 567 ; *Horn* v. *Ledekhart*, 17 Wall. 570. The
act of 1860 does not in terms make the deed *prima facie*
evidence of a valid sale ; it has only been held to have this
effect in proceedings under that statute to confirm tax-titles.
Sect. 7 of the act of 1860 is applicable only, by its express
terms, to sales for the " non-payment of taxes due under any
law of this State." The deed must speak for itself, and can-
not be aided by parol evidence. In a proceeding to reform
it such evidence would not be tolerated, and certainly it
could not be heard in an action of ejectment. 55 Miss.
343 ; *Bowers* v. *Andrews*, 52 Miss. 597 ; *Cogburn* v. *Hunt*, 56
Miss. 718.

*Charles Chrisman*, for the appellee.

1. The act of 1863, page 111, governed the time of the sale, and that act was in full force at the time of the sale.

2. The act of February 10, 1860, under which the deed was made, makes a tax-collector's deed *prima facie* evidence of a good title, and the deed is evidence of the sale.

3. The recital in the deed that the land was sold for the taxes of 1867, instead of 1866, is a mere clerical error. The fact that it is conceded that the recital is a clerical error obviates all objection to the deed on that ground.

*R. H. Thompson*, on the same side, filed a brief, but it was withdrawn, or lost, before the record reached the reporter's hands.

*Calhoon & Green*, on the same side.

1. Appellee's title was perfect under the deed of the tax-collector, of date July 1, 1867.

2. By the acts of 1863, p. 111, the first Monday in July is made the day of sale of delinquent lands, and, on that day in 1867, the lands here in controversy were sold, and the deed of the tax-collector executed to appellee.

3. The act of 1860 has been fully sustained. *Griffin* v. *Dogan*, 48 Miss. 11; *Bell* v. *Coats*, 54 Miss. 539. Appelles' title under that act cannot be "impeached or questioned in any measure, etc., saving for fraud," etc., of which there is no pretence in this record. The deed was *prima facie* evidence, and, in default of proof to the contrary, of which there was none, made the title perfect.

4. The recital in the deed is not of such a nature as to operate an estoppel, and, even if it had been objected to, which was not the case, parol evidence was clearly admissible to correct the clerical misprision. Exactly the same principle was involved and adjudicated to suit our view in *Drake* v. *Clark*, 58 Miss. 465; Greenl. on Ev., sects. 285, 286. As stated in the case cited, the purchaser's right "depends on what was done, and not on an omission of the officer to return a correct statement of it."

CAMPBELL, C. J., delivered the opinion of the court.

The first Monday in July, 1867, was the time fixed by the act approved December 1, 1863 (Acts, p. 111), for the sale of lands delinquent for taxes, which act was in operation in 1867, and governed the sales made in that year. The deed of the tax-collector to Chrisman vested in him a title not assailable except for fraud or mistake in the assessment or sale, or upon proof that the taxes had been paid on the land before the sale. Act approved February 10, 1860; Acts 1859–60, p. 213. This act made the deed evidencing a sale of land for taxes *prima facie* evidence of a good title, because the sale was not to be impeached or questioned, except for the specified causes. *Greene* v. *Williams*, 58 Miss. 752. As against all others the sale was to stand, and the deed was evidence of a sale.

The admitted fact that the sale was made for the taxes of 1866, and not 1867, as erroneously recited in the deed, freed it from all objection because of the clerical error by which it was made to show that the sale was for the taxes of 1867.

The effect of the deed as evidence is to be determined by the law in force when it was made. Code 1880, sect. 1649.

Believing that Chrisman was shown to have acquired a good title by virtue of the sale of first Monday of July, 1867, it is unneccessary to consider the other questions discussed by counsel.

Judgment affirmed.