## A. H. FRENCH v. MATTIE McANDREW.

| 61 | 187 |
| 78 | 465 |
| 61 | 187 |
| 80 | 746 |
| 61 | 187 |
| 83 | 220 |
| 61 | 187 |
| 92 | 62 |

1. INFANT.   *Deed.   Disaffirmance.*
   An infant who is induced by her widowed mother and adult sister to unite in the sale of their joint property, and receives none of the purchase-money, can disaffirm her deed after attaining majority.

2. SAME: *Mesne profits.   Period for which allowed.*
   Her disaffirmance renders the conveyance void *ab initio,* and entitles her to charge the purchaser for rents during the whole time that he occupies the property under the deed.

3. SAME.   *Co-tenancy.   Liability of co-tenant for rent.*
   The purchaser, in acquiring the adult sister's interest, becomes a co-tenant with the infant, and, as such, is liable to account with her for the rent of her share which he occupies.

4. SAME.   *Dower.   Relinquishment.*
   By her conveyance the widow loses the right to relinquish dower in her daughter's favor, for it passes to the purchaser.

5. SAME.   *Subrogation.   Set-off.*
   If a judgment lien on the land is discharged by the purchaser as part of the price which he agrees to pay, he should have credit for this in accounting for the rents.

6. SAME.   *Co-tenancy.   Debt for rent of co-tenant no lien.*
   The amount found due the late infant on accounting is no lien upon the purchaser's interest, and if he sells the land pending the litigation his vendee takes his share free of such claim.

7. TAX TITLE.   *Sale at wrong time.*
   Sale of land in 1876 for taxes of the year 1874 is void.   *Hardie* v. *Chrisman,* 60 Miss. 671, distinguished.

APPEAL from the Chancery Court of Monroe County.

HON. L. HAUGHTON, Chancellor.

Mattie McAndrew filed her bill on January 12, 1881, alleging that she and her adult sister, Mary A. Hubbard, were the only heirs of A. G. Powell; that after their father's death they, with their mother, who had married again, conveyed town lots, which they inherited, to A. H. French, who paid her mother and step-father for them much less than their value; that the complainant was an infant on October 23, 1876, and on January 18, 1877, when, yielding to the persuasions of her mother and French, she, in ignorance of her rights, joined in the two conveyances, which together embraced their homestead and all their common property; that her mother used the purchase-money for her private purposes, and French at once took possession of the lots and has continued to collect the rents; that her mother never claimed dower in this property, and complainant is, therefore, entitled to half of the lots; and the bill prayed that her deeds to French should be canceled, an account should be taken of rents and profits, a decree for possession be made, and a writ of assistance issued, or for appropriate general relief.

A. H. French answered, admitting that the complainant was the daughter and heir of A. G. Powell, deceased, and that she, with her only sister and her mother, sold and conveyed the property to him as alleged; but he denied that the price was inadequate, and averred that he was ignorant of the complainant's minority when he bought, but that she stood by and permitted him to purchase, and received her share of the money, without notifying him that she was under age, and she was estopped to now repudiate the transactions; that a judgment existed against the estate of A. G. Powell in favor of one Houston, which respondent paid off with part of the purchase-money for the lots; that on January 3, 1876, he bought part of the property at tax sale, and he pleaded the deed in bar; that he erected valuable improvements on the lots, and collected the rents only until January 1, 1882, when he sold the property to Mrs. E. A. McAllister; and he exhibited with this answer his bill of seven hundred dollars for the improvements, and filed the tax

deed, which recited a sale on January 3, 1876, for the taxes of the fiscal year 1874.

Depositions were taken and written evidence was offered by the complainant to prove that A. G. Powell died in 1864, the owner of the lots in controversy, on which his widow and daughters continued to reside; that the widow, an imperious woman, married again, and, with her husband and her adult daughter's husband, negotiated the sale to French ; that notice was given to French before his purchase that Mattie was a minor, but he disregarded this; that Mattie's mother and step-father used all the money and she received none ; that dower was never assigned to the widow, but she held possession from the death of her first husband until she sold the property to French.   The defendant's evidence tended to prove that French, with Mattie's acquiescence, settled a judgment against her father's administrator with part of the purchase-money, and that she, though only eighteen years old, appeared to be twenty-one years of age ; that Mattie married, and her husband, with her mother and the latter's third husband, were actively prosecuting this case ; that the mother told French in Mattie's presence that the latter was over twenty-one years old ; that, in fact, Mattie and her mother engaged in a scheme to defraud French and divide the profits of the adventure ; but that the immediate cause of the sale of the lots was the existence of the judgment in favor of Houston and a proceeding by the administrator of A. G. Powell's estate to sell the land to pay debts ; and that although thus pressed to an immediate sale, French paid more for the lots than their market value at the time.   On all the issues the evidence was conflicting.

At the final hearing on the whole case, the Chancellor declared the complainant entitled to relief, and decreed that the deeds to French should be vacated so far as her interest was concerned ; that her interest was one half and French's the other ; that an account should be stated, charging him as tenant in common for rents collected and allowing him credit for taxes paid and improvements erected ; and this account was then stated and showed a balance of rents collected ; and it was further decreed that for the security of one-half of this balance, which was Mattie McAndrew's part, a lien

was declared upon the interest of French in the lots; that her half of the lots should be immediately given into her possession; that the former deeds to French should be canceled and the title vested in a commissioner named, who should immediately convey to Mattie McAndrew her half, and should convey to French his half when he paid the rent money due Mattie McAndrew, and that execution should issue against him for this sum and half the costs, which he was decreed to pay, while Mattie McAndrew was charged with the other half. From this decree A. H. French appealed.

*Houston & Reynolds*, for the appellant.

1. The appellee was not entitled to have the deeds vacated. She stood by and allowed her mother to deceive the appellant by stating to him that she was of age, and she received part of the money. After participating in this fraud, she cannot now disaffirm her deeds. *Ferguson* v. *Bobo*, 54 Miss. 121. Infants are responsible for their frauds, like adults. These persons, embarrassed and about to be sold out at auction, deceived the appellant, who bought their property at more than its market value, and paying their debts, left them some money; yet, at this very time, they were misrepresenting the appellee's age in order to defraud the purchaser. Mattie McAndrew was entitled to no relief.

2. Even if relief should have been granted, the final decree is erroneous. It fails to charge the land with the judgment paid by French, who was manifestly entitled to remuneration. Dower was conveyed by the deeds. In equity the transfer of the widow's dower will be sustained, and the dower assigned to her grantee. 2 Scribner on Dower 43, § 37, and authorities cited. The appellant should not have been charged with rent. Mere possession does not make the co-tenant liable for use and occupation, *Newbold* v. *Smart*, 67 Ala. 326, and if it did, this case is not one for the application of the rule, because the appellant had no notice of the disaffirmance until the suit was brought. It was certainly erroneous to decree that the balance of rent found due was a lien on French's interest in the property. If one co-tenant becomes liable to the other for use and occupation or for an agreed rent, it is at most only a simple contract debt, with no lien on the land for its pay-

ment.  *Newbold* v. *Smart,* 67 Ala. 326, and authorities cited. While Mrs. McAllister acquired her title pending the suit, she took it free from any lien, because none was created by filing the bill.  If the tax title was valid, the bill should have been dismissed as to the lot which the tax sale covered.  Manifestly the court had no power to divest the entire title and appoint the commissioner to reconvey.

*J. M. Acker,* for the appellee. -

Cancellation of the infant's deed was proper without an offer to refund the purchase-money, for no fact was established which amounted to an estoppel.  *Cook* v. *Toumbs,* 36 Miss. 685.  Mattie McAndrew was properly decreed to be entitled to half the property and an account for rents.  Dower cannot be taken into consideration.  The lots were the property of the heirs of A. G. Powell, only subject to the dower of the widow, who had a right to relinquish it to her daughter.  Powell died in 1864, and no dower had been claimed by his widow up to the time of the sales by the appellee in October, 1876, and January, 1877.  There is nothing in this case that assimilates it in the slightest degree to the case of *Ferguson* v. *Bobo,* 54 Miss. 121.  In this case the appellee said nothing. She was present, it is true, at interviews between French and her mother, but there is no proof that she heard these conversations in full, and if she did hear them she was in the presence of her imperious mother, who overawed her.  The sums paid on the judgment were part of the purchase-money of the lots, and should not be allowed in the accounting.  The tax title, like the judgment, was bought up by French in order that his title might be free of incumbrances.  This tax sale is void, and the deed is set up as a defense only.  Taxes and improvements were allowed in the account.  As to the provisions in the decree to enforce the appellee's possession, she had a right to these, for half the property belongs to her.  She is tenant in common with the appellant.

*R. Davis,* on the same side.

The widow having failed to claim dower, lost her right and could not have it claimed by her grantee for her in this case.  The controversy is whether Mattie McAndrew is entitled to half the property

and half the rent. Clearly, the appellant knew that she was an infant and took the risk. He expected that her mother would compel her to ratify the sale when she reached her majority. The young lady's marriage may have prevented this. But he took the chance of disaffirmance deliberately, with full knowledge of the facts, and if he loses it is his own fault. The formal matters about the decree amount to little in the general result and deserve no great consideration. The balance found due in the accounting will be nearly the same, however those questions are determined. Therefore the decree should be affirmed.

COOPER, J., delivered the opinion of the court.

We concur in the finding of the Chancellor, that Mrs. McAndrew was entitled to the cancellation of the conveyances made by her during minority. The effect of the disaffirmance by her is to render the conveyance void *ab initio* by relation, and to entitle her to charge the purchaser for rents during the whole time that he occupied the property, claiming under her deeds. *Wustar* v. *Tropfield's Heirs*, 15 Gratt. 329 ; *Tucker* v. *Moreland*, 10 Peters 71 ; *Moore* v. *Jones*, 24 Ala. 420. But the defendant by the conveyances acquired the title of Mrs. Hubbard, who was the co-tenant of the complainant, and thus became co-tenant with her, and his liabilities and rights are therefore to be tested by the rules governing co-tenants.

The objection urged by counsel for the appellant, that he has been charged with rents of the property on the ground of his possession of the common property, is not sustained by the facts, for it is affirmatively shown that his possession was a remunerative one, and where one co-tenant occupies and uses the whole estate or more than his share thereof to the exclusion of his co-tenant he is liable to an action for an account by the co-tenant, who has been kept out of the use of his portion of the estate.

Mrs. McClure, one of the grantors in the conveyances to French, was the widow of Powell, from whom the complainant took the land in controversy by descent. As such widow, she was entitled to dower in the lands, and by her conveyance this right, in equity

at least, passed to the defendant. 2 Scribner on Dower 45, and authorities there cited. The widow cannot now say that she does not claim and never claimed her rights as doweress. By conveying, she asserted some claim to the property, and whatever right she had, passed to the purchaser. While she was owner of the dower right she might have released it to her daughters, but having assigned it to another, she cannot now waive what is his and not hers.

The record does not show the date of the appointment of the administrator of Powell, and we are unable to say whether the judgment in favor of Houston was or was not a charge upon the lands. If it was, and was paid off by the purchaser as a part of the price agreed to be paid for the lots, he should be allowed a credit for the amount in the accounting.

The tax title set up by the defendant was void. There was no authority in law for a sale of lands in 1876 for the taxes of 1874. There is no admission here, as there was in *Hucke* v. *Chrisman,* 60 Miss. 671, that the statement of the year for which the taxes were due was misrecited by clerical error.

The court erred in decreeing the amount found due to the complainant from the defendant to be a lien on his interest in the land. The complainant is a creditor of the defendant for any amount which may be found due her on the account, and for such sum she is entitled to a general decree against him, but to be enforced and collected as are other decrees for other debts. Her demand is not more meritorious than that of any other creditor, and she occupies no more favorable attitude than any other person having a legal demand against the defendant.

*Judgment reversed.*