David J. Swan *v.* New England Mortgage & Security Co.

1. Deeds. *Description.   Corner.*

Land in a legal subdivision described as a corner or fractional corner of the same, containing a certain area, is not void for uncertainty, since the parcel may be located by extending two lines an equal distance from such point or corner so as to include, within parallel lines, the area specified. *Bowers* v. *Chambers*, 53 Miss., 267, cited.

2. Same. *Contradictory terms.   Fractional corner.   Case.*

The description, "Fractioual N. W. corner of S. W. ¼ of section 6, T. 13, R. 6, containing 33 acres," is not void for uncertainty, because of the use of the word "fractional," which should be rejected as without meaning, or treated as modifying the word "section," rather than as qualifying the word "corner," which would be a contradiction in terms.

3. Same. *Construction.   General rule.*

When reasonably possible, conveyances should be so construed as to render them operative.

From the chancery court of Monroe county.

Hon. Baxter McFarland, Chancellor.

The opinion states the controlling facts in the case.

*Stovall & Williams*, for appellant.

In the case of *Bowers* v. *Chambers*, 53 Miss., 267, it was held

that the description, "14 acres off the N. E. corner, E. $\frac{1}{2}$, S. E. $\frac{1}{4}$, section 20," etc., was sufficiently certain. It would have been just as certain and definite if the description had said: "N. E. corner, E. $\frac{1}{2}$, S. E. $\frac{1}{4}$, section 20," etc., containing fourteen acres. It simply means that in the northeast corner of the east half, etc., there are conveyed fourteen acres of land lying in a square. If the description had been fourteen acres, more or less, it would have been void, because uncertain on its face as to how much was intended to be conveyed. Now, the only thing in the present case which renders the description different from the description in the case of *Bowers* v. *Chambers, supra,* is the use of the word "fractional," and it is contended that this word renders the whole description uncertain and void. There is a rule in the construction of deeds which is maintained by all the authorities, that some effect will, if possible, be given to the instrument, for it will not be intended that the parties meant it for a nullity. Devlin on Deeds, sec. 1040. A corner is not a square. It is merely a base point from which a start is made to construct a square of sufficient size to include the quantity of land conveyed. When land is conveyed in a certain corner it is always laid off in the form of a square, as the law directs. If a corner had a tangible, fixed and certain existence, like an apple, a house or a quarter section of land, there could then be such a thing as a fractional part of it, but it has no such existence; it is merely a base point given a definite character by the law, from which a given quantity of land may be measured. A corner has no certain size and fixed dimensions so as to be susceptible of division into parts. The word "fractional," then, in the description, cannot modify corner. Now, the question is, if it does not modify the word "corner," what does it modify? What meaning has it in the sentence? Assuming that it cannot modify anything else in the sentence, then it must be treated as surplusage, for the balance of the description, "N. W. corner of S. W. $\frac{1}{4}$, containing 32 acres," is sufficiently certain to enable the land conveyed to be

identified, and the rule that some effect will, if possible, be given to the instrument, must always be applied. We don't think, however, that the word "fractional" in the description is surplusage, but that it has some meaning. We could say, with good reason, that it is used in a general sense, and in a general term of description, implying that not the whole, but only a part of a legal subdivision, is conveyed. We think, however, there is no doubt that the word "fractional," as used in this description, modifies section 6. The description, "fractional N. W. corner of S. W. ¼, section 6," etc., is equivalent to "N. W. corner of S. W. ¼ of fractional section 6," etc. *Selden* v. *Coffee,* 55 Miss., 41.

*Gilleylen & Leftwich,* for the appellee.

If the word "fractional" was omitted from the description, it would be good. *Bowen* v. *Chambers,* 53 Miss., 259. What effect, then, must the word "fractional" have on the description? The question here is one of *ambiguitas patens,* which cannot be helped by averment or by showing what the parties intended. 1 Greenleaf on Evidence, sec. 297; 2 Minor's Institutes, p. 1071. Our court has, by judicial construction, laid it down as a rule that when any given number of acres of land is located in the corner of any section or subdivision of a section —that is, so many acres pure and simple in a corner—means a square. So, that by ascertaining the number of square rods in the given number of acres and extracting the square root of same, we will get one side of the square, in fact, all four sides of the square, for they are all equal; so that it becomes a matter of simple mathematical calculation, for the location of this land is fixed in the corner of a right angled triangle. The judicial mind forms a geometrical concept and sees the land' in square form, with the lines drawn in the corner, before the surveyor's chain is laid down. But if the angles were shown to be other than a right angle—if the description intimated any irregularity in the piece of land, whereby it was seen before-

hand, by inspecting the deed, that the square was not a square—if such a paradoxical statement is permissible, then the key of the measurement would be gone, and the description must fail for indefiniteness, and the surveyor would have no criterion when he should go to lay off the land. Let us see, then, what the word "fractional" means. It is from the Latin "*frango*," which means "I break." It is one of those words that has not only retained its etymological meaning, but it has been judicially construed in its application to land, and has a fixed and definite meaning, and cannot be discarded as surplusage. *Seldon* v. *Coffee*, 55 Miss., 41.

"The fractional northwest corner, containing 33 acres," that is, the imperfect square (another paradox) in the northwest corner, the broken northwest corner, the irregular northwest corner. It is at once seen that the judge on the bench, construing the language and grasping at the mental concept, *a priori*, is thwarted at the threshold. If the square is broken, if a piece of it is chipped off somewhere, the length of the two sides of the irregular square containing 33 acres is a variable quantity, and the uncertainty arises on the face of the deed, it is patent. Were it latent, a different rule would obtain. The fractional corner, of course, means the land in the corner, that is, the broken piece of land in the corner. In such case, the length of the sides may vary in a thousand ways and still give the 33 acres; the criterion is gone. In the description in appellant's deed, the word, "fractional," refers to the land, the square in the corner, and it is impossible to locate the 33 acres. It cannot be said there is no other land there, and hence, the description is ambiguous. We know there are fractional sections on the margins of surveys and containing less than 640 acres. *Seldon* v. *Coffee*, 55 Miss., 41. Such sections are "fractional squares," just as this must be a fractional square. But it is a matter of utter impossibility for a fractional corner of a section to exist by judicial construction and the length of the sides presupposed, for the moment an irregularity is found

or seen to exist, the basic lines of the square become variable, and may vary infinitely. The fractional N. W. $\frac{1}{4}$ corner means the fractional, the broken, the imperfect square in the northwest corner of the subdivision of the government survey referred to. Counsel cite section 1040 of Devlin on Deeds, but there the surplusage, the unnecessary part, appeared on the face of the paper. Give the word, "fractional," its necessary and proper use and meaning in land measurements, and chaos must reign in the imagination when the court mentally attempts to locate the land. *Seldon* v. *Coffee*, 55 Miss., 41; *Bowers* v. *Chambers*, 53 *Ib.*, 259; *Walsh* v. *Ringer*, 2 Ohio, 327; *McCready* v. *Lansdale*, 58 Miss., 878; *Morgan* v. *Schwartz*, 66 *Ib.*, 613; *Dingey* v. *Paxton*, 60 *Ib.*, 1038; *Enochs* v. *Miller*, 60 *Ib.*, 19; Devlin on Deeds, sections 1011, 1013; *Bowers* v. *Andrews*, 52 Miss., 596.

WHITFIELD, J., delivered the opinion of the court.

The description, "Fractional N. W. corner of S. W. $\frac{1}{4}$ of section 6, T. 13, R. 6, containing 33 acres," is sufficiently certain. A corner is not a square. In the measurement and description of land it has a fixed meaning. As held in *Bowers* v. *Chambers*, 53 Miss., 267, where the description was "14 acres off of the N. E. corner, E. $\frac{1}{2}$," etc. A corner is "a base point from which two sides of the land conveyed shall extend an equal distance, so as to include, by parallel lines, the quantity conveyed." Counsel for appellee concede that the description would be good, but for the use of the word "fractional." They make the word "fractional" qualify the word "corner," making corner describe the space between the lines, and argue from that assumed premise, with perfect accuracy, that a fractional corner—using corner in that sense—may be so made fractional or broken or irregular, in many ways, and hence it is absolutely uncertain what land was meant to be conveyed, But, as said, a corner, in this use of the word, does not mean a square, but "a base point" from which to start the measure-

ment.   A corner is insusceptible of "fractional" division into parts, and hence the word "fractional" cannot possibly, in the right use of words, qualify "corner."   A "fractional corner" is a contradiction in terms.   The premise being unsound, the argument falls to the ground.   The word "fractional" here can properly enough, under the authority of *Seldon* v. *Coffee*, 55 Miss., 41, be made to qualify the word "section," and by simple tranposition the description would read "N. W. corner of S. W. ¼ of fractional section 6, containing 33 acres," which is a good description.   Or, fractional being treated as surplusage, qualifying nothing, or a mere general phrase, followed by the particular description, the description would be good.   There would be authority for this view, construing the instrument, so as, if legally possible, to save it, under 2 Devlin on Deeds, sec. 1040.   The natural construction seems to us to be to treat "fractional" as meaning the same as fraction, or fractional piece or fractional part, and the description would then convey fraction or fractional part in N. E. corner, etc., containing 33 acres. If reasonably possible, such construction must be given as will uphold the deed, and not impute to the parties the purpose to execute an instrument which is a nullity.

*Decree reversed, demurrer overruled and cause remanded, with leave to answer in thirty days after filing of mandate in court below.*