ANN BOWER ET AL v. CHESS & WYMAND COMPANY ET AL.

1. TAX DEED. *Recital.*

A tax collector's deed reciting that the sale was made for the taxes of the year in which the sale took place is void.

2. SAME. *Parol evidence.*

Parol evidence is not admissible to contradict the recital of a tax deed by showing that the sale was made for the taxes of a different year from the one recited in the deed. *Brigins* v. *Chandler*, 60 Miss., 866, and *Hardie* v. *Chrisman*, 60 Miss., 671, explained.

3. SAME. *Bill to confirm. Demurrer.*

A demurrer to a bill in equity to confirm a tax deed does not admit the validity of the deed, although the bill avers that the recital in the deed of the year for the taxes of which the land' was sold was a clerical error and the tax collector intended to have the deed recite that the sale was made for the year preceding the one actually recited and that the sale was in fact made for the taxes of the preceding year.

FROM the chancery court of Quitman county.

HON. A. McC. KIMBROUGH, Chancellor.

Mrs. Bower and another, appellents, were complainants in the court below, the Chess etc., Company, and others, appellees, were defendants there.

The suit was a proceeding to confirm a tax title.

The bill alleged that the lands were sold by the tax collector of Quitman county on the first Monday in March, 1897, for the taxes due for the year 1896, and complainants became the purchasers at that sale; that the sale was duly and legally made, after proper notice had been given. The bill further alleged that in making the deed to complainants the tax collector made a clerical error, by writing the figures "1897," instead of "1896," as the year for which the taxes were delinquent, but in executing

said deed it was the purpose and intention of the tax collector to write the figures "1896," and thereby to recite that the land was sold for the taxes assessed thereon for the year 1896, and that said land was in truth and in fact duly and legally sold to complainants for the taxes delinquent for the year 1896. A copy of the deed was filed as an exhibit to the bill. The deed recites that the land was sold in 1897 for the taxes of 1897. The appellees demurred to the bill on the ground, *inter alia,* that the tax collector's deed was void on its face. The demurrer was sustained, the suit dismissed and complainants appealed to the supreme court.

*Gwin & Mounger* and *Denton & Cox,* for appellants.

In *Brigins* v. *Chandler,* 60 Miss., 866, it was held that the recital in the tax collector's conveyance that the sale was made on the day of its execution, which was a day subsequent to the day of the sale, did not affect the validity of the conveyance, nor preclude the showing of the fact that the sale was made at the proper time.

In *Hardie* v. *Chrisman,* 60 Miss., 671, it was held that the admitted fact that the sale was made for the taxes of 1866, and not 1867, as erroneously recited in the deed, freed it from objection because of the clerical error by which it was made to show that the sale was for the taxes of 1867.

It will be borne in mind that this is not an attempt to reform a tax deed, but it is a suit to confirm the title acquired by the tax sale. Under our statute, Code 1892, § 3746, the sale and not the tax collector's deed is what vests title in the purchaser. The statute provides that "the taxes shall be charged on the land or personal property taxed, and the sale shall be a proceeding against the thing sold, and shall vest title in the purchaser, etc." The purchaser's rights depend upon what was done and not on the tax collector's failure to recite a correct statement of the facts in his deed. *Duke* v. *Clark,* 58 Miss., 465.

If the tax collector had never executed a deed, yet, if he had

sold the land as required by law for the taxes of 1896, legally assessed and due and unpaid, as charged in the bill, the purchaser would have obtained the title. Under Code 1892, § 2442, the purchaser could obtain a deed. So also, if the deed executed by the tax collector is void. How vain it would be in case of proper description of land duly assessed and not paid on by the careless owner, and properly sold, to hold the conveyance void for inserting an incorrect year, by an admitted error, when the constitutional requirements of assessment is duly observed and the owner is delinquent in the payment of taxes. *Pattison* v. *Harvey,* 33 So. Rep., 941.

*T. J. Williams,* for appellee.

The deed from the tax collector is void upon its face because it shows a sale in March 1897, for the taxes of that year, when in fact no taxes were or could have been due. 25 Am. & Eng. Ency. Law, 683; *Spain* v. *Johnson,* 31 Ark., 314; *Jacks* v. *Dyers,* 31 Ark., 334.

WHITFIELD, C. J., delivered the opinion of the court.

The deed in this case recited that the tax sale was made in 1897 for the taxes of 1897. The deed is for that reason void on its face. *French* v. *McAndrew,* 61 Miss., 187. The real holding of the court in *Brigins* v. *Chandler,* 60 Miss., 866, is when the facts are looked to closely, merely that parol proof may be introduced to show the true date which a deed should have. As the date of a deed shows merely the time when the contract was made, and not the terms of the contract, it is always competent to show by parol proof a mistake as to the date of the deed. It appears very clearly from the facts that the tax collector in that case simply dated the deed January 27, 1872. It is true that it appears that it was admitted in that case, as a fact, when the evidence was being produced—not by way of demurrer —that the sale was in fact made on the first Monday in January, 1872. If what is meant to be held in that case, beyond what we

have stated, to wit, that it is competent to show by parol proof the true date of a deed, is also that it is competent to show that the sale occurred on a different date from the day stated, it is overruled, manifestly, by the case of *French* v. *McAndrew,* 61 Miss., 193. It is not competent to show by parol proof that land was sold for taxes of a different year from the year stated in the deed. This is expressly held in the case just cited, and is well settled. See 25 Am. Ency. of Law (1st Ed.) p. 683, note 3. In *Maxy* v. *Clabaugh,* 6 Ill. 26, the court say: "This is an ambiguity which cannot be explained by parol testimony. The deed must show that the land was sold for the taxes of a particular year. In this way the defendant will have it in his power to show that the taxes for that particular year were paid, in order to defeat the deed. The admission of the deed would restrict him in the exercise of this right. The deed was therefore properly rejected." One other observation might be made as to *Brigins* v. *Chandler, supra,* and *Hardie* v. *Chrisman,* 60 Miss., 671, which is this: That the admission in those two cases was the admission of a fact in the course of the production of evidence, not an admission by way of demurrer only. Both these cases were actions of ejectment, and the admission of fact in both was —so the court held—an admission of power in the tax collector to sell. He could not sell in a particular year for taxes of that same year. The admission in one case was that he really sold in 1867 for the taxes of 1866; and the other, that he really sold on the first Monday in January, 1872, although the deed recited that he sold on the 27th of January, 1872. Undoubtedly, if parol proof had been offered to this effect in those two cases, in contradiction of those two deeds, the defendant making no such admission, it would have been incompetent, as held by the authorities already cited in 61 Miss., and elsewhere. We are not to be understood as assenting to the correctness of the doctrine announced in *Hardie* v. *Chrisman* and *Brigins* v. *Chandler* on this proposition as to the effect of such admission, even in the course of evidence in the case of a tax deed. Suppose, for example, the

description in the tax deed was the N. E. 1-4 of a section, while in fact the N. W. 1-4 had been sold, and the defendant, in an ejectment suit, should admit that the writing of "N. E. 1-4" was a clerical mistake, and that the N. W. 1-4 had really been sold; could there be any judgment in ejectment rendered for the recovery of the N. W. 1-4 ? Is there any difference in the principle because what is proposed to be admitted is the fact that the sale was made on the right day, though the deed recited the wrong day, or the fact that the sale was for the taxes of the right year, though the deed recited the wrong year ? We write thus much as to these cases now, not to overrule them, since it is not necessary to a decision in this case to do so, but simply to save ourselves from being understood to assent to their doctrine in this particular respect.     Here, however, the admission is by way of demurrer only.     The demurrer admits the truth of all the allegations in the bill which are well pleaded, for the purpose of the demurrer alone; and the allegation that the recital in the tax deed that the land was sold for the taxes of 1897 was a clerical mistake, and that the tax collector meant to write "1896," and not "1897," is an allegation not well pleaded, for the obvious reason that, if the facts were as stated in the allegation in the bill, they could not be proved by parol testimony, in contradiction to the recital of the deed, if objection were made.     The demurrant may be regarded as saying, for the purpose of this demurrer: "I grant that the facts are that the tax collector wrote '1897' for '1896' by clerical mistake, and that the sale really was for the taxes of 1896; but, granting all that, I do not waive my right to object to your offer to prove those facts by parol."     Suppose, for example, this demurrer should be overruled on the idea that the demurrer admits these allegations to be true, as it does for the purpose of the demurrer, and, on the case being reversed, evidence should be introduced to show by parol these mistakes, and the defendant should object; would it be contended that the effect of the admission in the demurrer would have any such reach as to authorize the admission of this testimony ?     Certainly not.     The effect of

the demurrer is simply to say, "The facts are doubtless as you allege in your bill on these two points, but, granting the facts to be so, you have a deed on which you cannot recover." That is the whole effect of the admission by way of demurrer, and it is this which distinguishes this case from the two cases cited in 60 Miss.   It is impossible to escape the conclusion that if we should hold that the complainant in a bill to confirm a tax title, where the tax deed recites that the sale was for taxes of the wrong year, could, by averring that the tax collector had recited the wrong year by mistake, and that in fact the land had been sold for the taxes of the right year, and asking on this statement a confirmation of his title, successfully maintain such a bill, we would be practically holding that a tax deed could be reformed.   The gist of such a bill, manifestly, would be that the tax collector had made a clerical mistake in reciting the year in which the land had been sold, that he had intended to recite the proper year, and that hence the court should write the deed as the tax collector meant to write it, and not as he had actually written it.   See, as directly in point, *Southern R. Co.* v. *Covenia* (Ga.), 29 S. E. 220, 40 L. R. A., at p. 255, 62 Am. St. Rep., 312, where a declaration alleged that a child was capable of rendering services, and specified the services, but also alleged that the child was only one year and ten months old.   On demurrer the court said : "But it is contended by the demurrer in the court below that it was admitted that the child was capable of rendering services, and that therefore the court was right in overruling the demurrer.   The declaration enumerated certain services of the child, which it is alleged were worth $2 per month.   In passing upon a demurrer to a declaration, the court considers all the allegations therein. The demurrer admits all the facts well pleaded. If all the facts, taken together, show that the plaintiff is not entitled to recover, the court should sustain the demurrer, although some of the facts alleged would show the measure and amount of the damages."

We think the decree sustaining the demurrer correct, and to that extent it is affirmed.   We reverse the decree, however, dis--

missing the bill, and remand the case, in order that the appellants may amend so as to secure whatever relief, if any, they may be entitled to.    So ordered.

*Reversed for amendment of bill.*