J. H. WEBB *v.* MOBILE & OHIO RAILROAD COMPANY.

[62 ₀South. 168.]

1. TAXATION. *Assessment of real estate. Description. Sufficiency. Delinquent taxes. Sales. Time. Parol evidence. Courts.*

The description of land for assessment for taxes and as written in the deed of the tax collector as "south part of section 29, township 3, range 11, eighty acres" is sufficient.

2. SAME.

Such description simply means eighty acres of land off the southern end of the section of land described. The southern boundary of the land so described is the south line of the section, and the northern boundary is a line of sufficient distance north of the southern boundary to embrace eighty acres of land.

3. TAXATION. *Delinquent taxes. Sales. Time. Parol evidence.*

Where a tax deed recites on its face that the land was sold in March, 1906, for the taxes of 1906 this rendered the deed *prima facie void,* but parol evidence was admissible to show that recital was a clerical error and that the land was in fact sold in March, 1907, for the taxes of 1906.

4. COURTS. *Controlling decisions.*  · ·

The stability and certainty of rules relating to muniments of title to real estate are of the first importance and the supreme court is reluctant to overrule a case of long standing merely because it might doubt the soundness of the principle therein announced.

APPEAL from the chancery court of Tishomingo county. HON. J. Q. ROBINS, Chancellor.

Suit by the Mobile & Ohio Railroad Company against J. H. Webb. From a decree for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*George B. Power,* for appellant.

The chancellor seems to have narrowed this case down to just one issue, to wit: Whether it was competent, by parol proof, to cure a purely clerical error in the tax collector's deed.

He decided this question adversely to the appellant and declined to hear any testimony offered by appellant on that point, or rather excluded such testimony as was offered and, the appellant being unable to travel without his tax deed, of course, went out of court and appellee took a decree.

Was the chancellor correct in his ruling? In the light of all of the authorities we have been able to find, we think he was not.

The first case we find in Mississippi in which this question was considered was as far back as 29th Miss., where we find the court holding that "The deed in controversy bore date of April, 1827, and the defendant offered evidence to show that the sale was made on February 12, 1827. The court said: 'The first question arising under this objection is whether it was competent to show that the deed was executed on a different date from that stated in it on which it was acknowledged. It is clear that such evidence was competent." *McComb* v. *Gilkey,* 29 Miss. 149, citing 3d Starke Evidence, 4th Am. Ed. 1846.

It will be noted that in the case at bar the deed in controversy bears date of March 4, 1906, and that it appears to have been acknowledged March 4, 1907, the contention of appellant being that the deed was, in fact, executed on the date of the acknowledgment and that the writing of "1906" in dating the deed was merely a clerical error;

the transcript does not show what evidence was offered by appellant to prove this, but the special bill of exceptions does show that evidence was offered and excluded; it would appear from the record, the answer to the writ of *certiorari,* that no oral testimony was taken, there being no memorandum of evidence noted by the chancellor; in order that there may be no doubt about the proposition, the chancellor enters his decree to the effect that "oral evidence is not admissible to explain the deed" and there's an end of it.

But this court has repeatedly decided otherwise, for, in addition to the case above cited, we find another case, not officially reported, but appearing in 25 So., that this court has held "Testimony of a tax collector and his deputy that land was sold for taxes and a deed executed on a certain day and that the date inserted in the deed was a mistake is admissible." *Hinson* v. *Forsdick,* 25 So. 353.

"Where land is sold for taxes on the day prescribed by law for such sales, the title of the purchaser is not affected by the fact that the deed was executed on a subsequent day and dated on the day of its execution; and a recital in the deed that the sale was made on the day of the date of the deed does not preclude the party claiming title thereunder from showing *aliunde* that the sale was made at the proper time." *Brigins* v. *Chandler,* 60 Miss. 862.

The case of *French* v. *McAndrew,* 61 Miss. 187, is cited in the case just referred to, but in the *French case* there was neither admission nor effort to prove a clerical error, so it is not in point.

In the case of *Bower* v. *Chess & Wymond,* 83 Miss. 218, the court distinguishes the question there involved from that in the case of *Brigins* v. *Chandler;* in the *Bower case* there appears to have been a recital in the deed that the sale was made in 1897 for the taxes of 1897 and the court held that the deed was void and that it was not competent to show by parol proof that the land was sold for the

taxes of a year different from the year stated therein. At first blush, it would seem that this case is against appellant's contention, but when we find the court in the *Bower case* upholding the decision of the court in the *Brigins case* where it was held that it is competent to show by parol proof the true date of the deed, we find that the court announced there just what appellant is contending for and that is the right to prove that the true date of the deed was March 4, 1907, and not March 4, 1906; with that fact established, the tax collector's deed would have vested in appellant a good title to the property. So far as we have been able to find, the cases above cited are the only Mississippi cases bearing directly on the question involved one way or the other.

Going outside of our own state, we find an abundance of authority to sustain appellant's position, to wit:

"A deed may be shown to have been executed on a day different from its date." 20 Cent. Dig. Evidence, No. 1858, and cases there cited.

"It is very clear that it is competent to show that a deed or bond was executed on a different date from that stated in it." *Miller* v. *Hampton,* 37 Ala. 342, citing *McComb* v. *Gilkey,* 29 Miss. 146.

"Parol evidence is admissible to prove that a deed was executed on a different day from its date without any violation of the rule that parol evidence is inadmissible to vary or contradict the terms of a written instrument." *Howell* v. *Rye,* 35 Ark. 470, citing 1 Greenleaf Ev., 285.

"Neither is this rule infringed by the introduction of parol evidence to contradict the recital of the date of a deed." 1 Greenl. on Ev., sec. 285.

"Parol evidence is admissible to contradict the date of a deed . . . the date of an instrument not being essential to its operation." *Blake* v. *Fash,* 44 Ill. 302.

"A different date from that stated in the deed may be proved because the date of a deed is not material." 28 Ky. 137.

"A clerical error in the date of an instrument may be amended by parol evidence." 12 La. Ann. 142; 70 Pa. St. 387; 4 Atl. 198.

"The real time of the execution of a deed may be shown by parol testimony by either party. It would be of the most dangerous consequence to assert that the dates of deeds are conclusive; the greatest frauds might thus be committed." *Geiss* v. *Odenheimer,* 2 Am. Dec. 407.

"The date is not part of the deed and . . . proof may be made that the execution took place on a day different from the date inserted in the deed." *McDowell* v. *Chambers,* 47 Am. Dec. 539.

"The law presumes that an instrument was executed the day it bears date but parol testimony is admissible to show that it was, in fact, executed on a different day." 13 Ill. 133.

"Whenever the time of the execution of any writing, however solemn, becomes material, it may be proved by parol, not only to supply an omission but in opposition to a date expressed." 20 N. Y. 331, 75 Am. Dec. 408.

"Where a deed is registered on an acknowledgment made after the time it purports to bear date, parol proof is admissible to show when the deed was in fact executed." 3 Tenn. 431.

In the light of these authorities, we submit, therefore, that appellant should have been permitted to prove the date of the deed and thereby establish it as a perfectly good deed.

It is alleged in the bill that the description in the deed is vague and indefinite; no proof whatever is offered; in fact, the chancellor seems to have shut off the introduction of testimony when appellant offered to introduce his evidence regarding the date of the deed.

The deed is presumed in law to be good and to contain a good description, and the complainant, attacking the description because of vagueness and uncertainty, the allegations of the bill in this respect being denied, is called upon to prove the allegations; no proof is offered.

Code of Mississippi 1906, section 4285, provides that parol testimony shall always be admissible to apply a description of land on the assessment roll or in a conveyance for taxes where such testimony will show what land was assessed and sold and there is enough in the description on the roll or conveyance to be applied to a particular tract of land by the aid of such testimony.

In the face of this statutory provision, surely a deed is not to be thrown out simply because a bill of complaint alleges that it is vague and indefinite.

*J. M. Boone,* for appellee.

As to the point, as to whether or not the said deed is void on its face, the chancery court based its decree upon the authority, *Bower* v. *Chess, etc., Co.,* 83 Miss. 218. That case is on all fours with the case at bar, and the opinion in this *Bower case* reviews the other cases in Mississippi on this subject, and holds clearly that not only is this deed void on its face but that it cannot be corrected by parol proof; and while we concede that for some purposes the date of a deed can be corrected, they however in this case distinctly decide that it is not competent to show that the sale occurred on a different date from that stated in the deed, and that any case so holding would be overruled by the case of *French* v. *McAndrews,* 61 Miss. 193; and the court in the *Bower case* declared that the law upon this point is well settled, and go further and say that they do not even assent to the correctness of the doctrine announced in the *Hardie* v. *Chrisman* and *Briggins* v. *Chandler cases* on this proposition, as to the effect of such admissions even in course of evidence in the case of tax deeds holding that it would amount to a reformation of a tax deed, which cannot be done.

There is no case in Mississippi, subsequent to the *Bower case,* that I have been able to find, that in the least modifies the *Bower case* in any particular, and I

rely upon the propositions of law as asserted in that case to sustain the decree as rendered, and don't think it necessary to here review, or distinguish the different cases referred to in the brief for the appellant, as the whole subject-matter is thoroughly and definitely settled by the *Bower case.*

COOK, J., delivered the opinion of the court.

The Mobile & Ohio Railroad Company exhibited its bill of complaint against J. H. Webb, seeking thereby to cancel, as a cloud upon its title, a certain tax deed for eighty acres of land situated in Tishomingo county: First, because the taxes assessed against the land were paid before the sale; second, because the description of the land as assessed and conveyed is vague, indefinite, and uncertain; third, because the deed, upon its face discloses that the sale of the land for the alleged unpaid taxes was made in the year 1906 for the taxes of 1906.

The first ground of complaint, we think, was not supported by the evidence. The tax receipts produced to show that the taxes were paid do not, in our opinion, show that any taxes were paid upon the land in controversy.

The description of the land by the assessment, and as written in the deed, is as follows: "South part of section 29, township 3, range 11, eighty acres." This description simply means eighty acres of land off the southern end of the section of land described. The southern boundary of the land so described is the south line of the section, and the northern boundary is a line of sufficient distance north of the southern boundary to embrace eighty acres of land. *Swan* v. *Mortgage Co.,* 75 Miss. 907, 23 South. 627.

The deed, upon its face, recites that the land was sold in March, 1906, for the delinquent taxes of 1906. It would thus appear, from the deed, that the sale was void, because the law did not authorize a sale of this land for

the nonpayment of the taxes due for the year 1906, until the first Monday in March, 1907. This was recognized by appellant, and he sought to introduce parol evidence to show that the date of the deed was a clerical error, and to show as a matter of fact that the sale was made in 1907, and that the deed was signed in March, 1907. Upon the objection of appellee, complainant below, the learned chancellor refused to permit appellant to make this proof, upon the ground that the terms of a written instrument could not be contradicted or varied by parol evidence.

It is stated in appellee's brief the chancellor based his ruling upon the authority of *Bower* v. *Chess-Wymond Co.,* 83 Miss. 218, 35 South. 444. It will be noted that the point before the court in *Bower* v. *Chess-Wymond Co.,* *supra,* was as to whether or not parol evidence was competent to show that the land was sold for the taxes of 1896, when the tax-deed recited that the land was sold for the unpaid taxes of 1897, while the issue presented by this appeal is whether it is competent to prove by parol evidence that the recital in the deed that the land was sold in March, 1906, was a clerical error, and that in fact the sale was made at the proper time, viz., the first Monday of March, 1907.

In *Brigins* v. *Chandler,* 60 Miss. 862, the precise point involved in the present case was disposed of in the following language, viz.: "The sale for taxes was made on the first Monday of January, 1872, which was the time fixed by law for sale of land delinquent for nonpayment of taxes, and the dating of the conveyance on the day it was made, which was a subsequent day, did not affect its validity, *nor did the recital in the conveyance that the sale was made on the day of its execution preclude the showing of the fact that the sale was made at the proper time.*" The established reputation of the learned jurist who wrote the opinion of the court in that case for accuracy of thought and preciseness of expression will not

justify the contention that he did not advisedly use the language employed by him, and that he meant anything less than the words import.

In *Bower* v. *Chess-Wymond Co.*, 83 Miss. 218, 35 South. 444, the court says that *Brigins* v. *Chandler, supra,* "is overruled manifestly" by *French* v. *McAndrew*, 61 Miss. 193, if in *Brigins* v. *Chandler* the court held it is competent to show that the sale occurred on a different date from the day stated. This is exactly what was decided in *Brigins* v. *Chandler,* and after an examination of the original record in *French* v. *McAndrew* it is perfectly manifest that *Brigins* v. *Chandler* is not overruled thereby. The deed in controversy in *French* v. *McAndrew* was a deed purporting upon its face to convey land sold in 1876 for the taxes delinquent for the fiscal year 1874. There was no attempt to prove a clerical error by parol evidence, and there was no admission of the fact. So the court merely held that the deed was void upon its face—this and nothing more.

It is difficult to perceive how the admission that a clerical error can be shown, necessarily by parol evidence, can be of any probative value, unless the evidence admitted to be true was competent to prove the admitted fact. If the facts were pleaded, a demurrer admitting them to be true would be sustained, unless the pleaded facts could be proven upon issue joined. However, the court, in *French* v. *McAndrew,* held that, no clerical error having been shown, and there being no admission that there was a clerical error, that case was not the case decided in *Brigins* v. *Chandler.* Clearly there was no intention to overrule the latter case.

We neither criticise nor agree to the decision of the court in *Bower* v. *Chess-Wymond Co.,* as the thing decided there is not the thing in controversy now, and this opinion will be confined to the issue made by the record now before us. Upon the authority of *Brigins* v. *Chandler, supra,* the decree of the chancery court in this case

must be reversed. *Brigins* v. *Chandler* has never been reversed, but has stood for twenty years as the settled law, and until it was criticised in *Bower* v. *Chess-Wymond Co., supra,* and in that case the court expressly declined to overrule it.

The stability and certainty of rules relating to muniments of title to real estate is of the first importance, and this court would be reluctant to overrule a case of such long standing merely because we might doubt the soundness of the principle therein announced.

*Reversed and remanded.*