SOUTHERN PIPE & SUPPLY CO., INC. *v.* JOSEPH

No. 40802 October 6, 1958 105 So. 2d 485

*Dabney & Dabney,* Vicksburg, for appellant.

*Jas. E. Nichols, Ramsey, Ramsey & Bodron,* Vicksburg, for appellee.

McGᴇʜᴇᴇ, C. J.

The appellee Malick Joseph contracted with Tommy O'Bannon, a plumbing contractor in Vicksburg, Mississippi, for the installation of certain pipes and plumbing fixtures in an apartment building belonging to the appel-

lee at the original contract price of $4,400. During the progress of the work the parties agreed upon the substitution of smaller and cheaper kitchen sinks to be installed in the apartment house and this reduced the total price from $4,400 to $4,100.02. As the plumbing contractor had purchased a part of the supplies and fixtures from the appellant Southern Pipe & Supply Co., Inc., he was furnished a pad of printed blank contracts, and was authorized to fill out one of them for his own signature and for that of the appellee Malick Joseph, as owner of the apartment building, and wherein Joseph was to agree to pay the sum of $4,400 for the pipes and other plumbing equipment, and to "unconditionally guarantee payment thereof and agree to pay on the following terms: One-Third on Rough In—One-Third when tubs and Panel Ray Heater are set—Balance on completion." The proposed contract provided that "It is further understood and agreed that payment shall be made jointly to Southern Pipe & Supply Co., Inc. and O'Bannon Plumbing and Heating Company."

The proof disclosed that while the proposed contract was dated June 10, 1955, and was signed by both O'Bannon and Joseph on that date, the same in reality was signed by O'Bannon on that date, returned to the Southern Pipe & Supply Company, and was later mailed by the latter from its Jackson or Meridian office and was in turn mailed by the appellant Southern Pipe & Supply Co., Inc. to the appellee Malick Joseph at Vicksburg and was signed by him two or three days later.

The proof further discloses that on June 11, 1955, the appellee Joseph paid to O'Bannon the sum of $1,466 as the first payment for the work done and materials supplied to the apartment building, and that he made this payment to O'Bannon before he knew that O'Bannon was obtaining the pipes and other plumbing fixtures for this job from the appellant Southern Pipe & Supply Co., Inc. The plumbing contractor O'Bannon was shown to be an

independent contractor so far as the appellee Joseph was concerned at the time he made this first payment.

The testimony is conflicting between O'Bannon and Mr. R. A. Newman, the warehouse superintendent of the Southern Pipe & Supply Co., Inc., on the question of whether or not Newman agreed on behalf of the appellant to accept the personal check of O'Bannon for only $500 and be permitted to use the check given by Joseph in favor of O'Bannon for the sum of $1,466 in order for O'Bannon to meet his current payroll. The question was therefore presented to the jury on this conflicting testimony of O'Bannon and Newman as to whether or not Newman, on behalf of the appellant, waived its right to the entire proceeds of the $1,466 check when he agreed to accept the personal check of O'Bannon for $500, as aforesaid.

Thereafter, the appellee Joseph made a second payment of $1,466, representing the second one-third of the price for the work done and materials supplied by O'-Bannon on the job, and later paid the further sum of $1,200 which Joseph claimed represented the full payment for the work and materials actually furnished, due to the substitution of similar and cheaper kitchen sinks used in the apartment building, and which latter check was cashed.

The appellant was in a position to have protected itself by insisting upon being paid the full proceeds of the first check of $1,466, but agreed with O'Bannon to accept the latter's personal check for $500 in lieu thereof. The second check was dated July 28, 1955, payable to O'Bannon and Southern Pipe & Supply Company jointly, and it was endorsed by O'Bannon and delivered to Southern Pipe & Supply Company. It was accepted by that company and deposited to its account. In the lower lefthand corner of the check there appears the words: "Second third of contract," instead of second payment on contract. It is undisputed that the appellant received the

entire proceeds of the second check for $1,466, and the entire proceeds of the third or $1,200 check. ▇▇ ▇ We are of the opinion that under the conflicting evidence the case was properly submitted to the jury under correct instructions and that the jury was warranted in returning the verdict upon which the judgment appealed from was rendered, and that therefore the case should be affirmed. 20 Am. Jur., Section 239, p. 235; Samuel McComb, et ux v. A. S. Gilkey, 29 Miss. 146; Dean, Oliphant, et al. v. T. De Lezardi & Company, 24 Miss. 424; J. H. Webb v. Mobile and Ohio R. Co., 105 Miss. 175, 62 So. 168.

Affirmed.

*Lee, Kyle, Holmes* and *Arrington, JJ.,* concur.